## FRANK WEBER v. STATE.

No. A-12.    Opinion Filed May 1, 1909.

(101 Pac. 355.)

INSTRUCTIONS—Sufficiency of Evidence—Negative Instructions. The trial court instructed the jury that "if you believe from the evidence that the defendant did not, on the date and in the county and state aforesaid, deliver to the said S. W. Barnhill any intoxicating liquor, to-wit, whisky, or if you believe that the defendant did not receive any money for said whisky, or if there is a reasonable doubt in your mind as to the guilt of the defendant, then it is your duty under the law to return a verdict of not guilty." Held error, because it, in effect, required the jury, before finding for acquittal, to believe from the evidence that the defendant did not deliver, and did not receive any money for, said whisky, in other words, that the defendant was innocent, instead of on the sufficiency of the evidence to establish defendant's guilt beyond a reasonable doubt. The error in this respect was not cured by other instructions, in the usual form, as to the "presumption of innocence" and "reasonable doubt."

(Syllabus by the Court.)

*Error from Creek County Court; Josiah G. Davis, Judge.*

Frank Weber was convicted for sale of liquor, and brings error. Reversed and remanded.

The plaintiff in error, Frank Weber (hereinafter designated

defendant), was convicted in the county court of Creek county on an information charging that, in Creek county, on March 21, 1908, "Will Hedden, John Tinkle, and John Doe did sell to one S. W. Barnhill one-half pint of whisky." On June 25, 1908, defendant was granted a severance from his codefendants. After impaneling the jury the court permitted the county attorney to amend said information, over defendant's objection and exception, by substituting defendant's true name, Frank Weber, for that of John Doe therein. The jury returned a verdict of guilty; motion for a new trial was filed, overruled, and exception allowed, whereupon the court sentenced defendant to be imprisoned in the county jail for a period of 30 days, and that he pay a fine of $100 and costs. On February 8, 1909, defendant filed his petition in error, case-made, and proof of service of his notice of appeal on the clerk of said county court, and on L. B. Jackson, county attorney of said county, in the office of the clerk of the Criminal Court of Appeals. At the March, 1909, term said cause was submitted.

*Barnham & McGraw* and *Thompson & Smith,* for plaintiff in error.

*Fred S. Caldwell,* for the State.

DOYLE, JUDGE. (after stating the facts as above). The petition sets forth 12 assignments of error. In the defendant's brief those assignment are grouped into five specifications of error, which are presented and argued therein, under the following heads:

"First. The verdict of the jury is not supported by the evidence. Second. The court in its instructions misdirected the jury. Third. The trial, judgment, and sentence are illegal and void."

Under the second specification of error counsel for defendant contend that, in giving instruction No. 6, the court misdirected the jury to the prejudice of the substantial rights of the defendant. Instruction No. 6 is as follows:

"If you believe from the evidence that the defendant did not, on the date and in the county and state aforesaid, deliver to the

said S. W. Barnhill any intoxicating liquor, to wit, whisky, or if you believe that the defendant did not receive any money for said whisky, or if there is a reasonable doubt in your minds as to the guilt of the defendant, then it is your duty, under the law, to return a verdict of not guilty."

To the giving of this instruction defendant excepted. Counsel in their brief argue that:

"This is a negative instruction, pregnant with mischief and prejudice as to the defendant. In effect, it deprives the defendant of the benefit of the presumption of innocence until proven guilty, a right guaranteed by statute, and imposes upon him the burden of proving his innocence. The instruction impresses us as pregnant with insinuations of the guilt of the defendant, and manifestly unfair in its phraseology. Such a rule is antagonistic to the fundamental principles of law, and is as dangerous as it is novel. It is a positive legal right appertaining to every accused person, whether guilty or innocent, that he shall not be condemned for a criminal offense in a judicial trial untill and unless the evidence produced against him shall be legally sufficient to prove his guilt beyond a reasonable doubt. 'The law only requires the defendant to raise 'a reasonable doubt as to his guilt.' "

· They cite in support of their contention the cases of *Shoemaker v. Territory,* 4 Okla. 118, 43 Pac. 1059 , *Patzwald v. United States,* 7 Okla. 232, 54 Pac. 458, *Horn v. Territory,* 8 Okla. 52, 56 Pac. 846, and *Johnson v. State,* 29 Tex. App. 151, 15 S. W. 647.

Counsel for the state, in his brief, states:

"If this instruction stood alone in the case—that is, if it were the only instruction given by the court touching matters therein referred to—the state concedes that there would be great force in the defendant's argument. But when this is considered in connection with the instructions taken as a whole, and particularly in connection with instructions 2, 3, 4, and 5, certainly it cannot be said that the jury could have been misled thereby, or that reversible error was committed."

We cannot agree with counsel for the state. We believe that this instruction is clearly erroneous and prejudicial to the rights of the defendant, even though instructions 2, 3, 4, and 5 correctly state the law. The aforesaid instruction No. 6 is calculated to

convey to the minds of the jury an erroneous impression, in that it may be construed as varying the rule of law, and to qualify its meaning and scope and the manifest design and operation of the legal presumption of innocence. Section 5489, Wilson's Rev. & Ann. St. 1903, provides:

"A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted."

In the case of *Horn v. Territory, supra,* Justice Burwell, delivering the opinion of the court, in part says:

"The evidence of the first witness for the territory might be sufficient to 'reasonably' overcome the presumption of the defendant's innocence. If so, from that very moment, during the remainder of the trial, the defendant would stand stripped of his legal presumption. That would not do. Our statutes prohibit the jury from forming or expressing an opinion until the case is finally submitted to them for their consideration. No matter how strong the evidence may be against the defendant, the law, by reason of the presumption of the defendant's innocence, prohibits the jury from forming any opinion as to his guilt or innocence until after the case is finally submitted. In a criminal case a defendant is presumed to be innocent until he is proven guilty, by competent evidence, beyond a reasonable doubt, and this presumption never ceases during the trial. A defendant's friends may forsake him, but the presumption of innocence, never. It is present throughout the entire trial; and, when the jury go to their room to deliberate, the 'presumption of innocence' goes in with them, protesting against the defendant's guilt. And it is only after the jury has given all the evidence in the case a full, fair, and impartial consideration, and have been able to find beyond a reasonable doubt, that the defendant is guilty as charged, that the presumption of innocence leaves him."

In *Hampton v. State,* 1 Tex. App. 652, it is said the presumption of innocence has been classed as one of the two "great cardinal maxims, which may be said to be written on the portals of every criminal court, and to hang over an accused like an *aegis* of protection from the moment he is placed at its bar for trial."

It is not essential to an acquittal that the jury should believe

that the defendant did not deliver said whisky, or that defendant did not receive any money for said whisky, or that the defendant was not guilty. The law presumes that he did not deliver said whisky, and that he did not receive money for said whisky, and the law presumes that he is not guilty as charged until his guilt has been established by competent evidence, beyond all reasonable doubt. In *Johnson v. State, supra,* the instruction was:

"If you believe from the evidence that the defendant, acting either alone or in concert with Jeff Wood, did not poison Elizabeth Rucker as explained in paragraph 3, or if you believe that the deceased was poisoned by accident, or by her own voluntary act, or if you believe that the deceased died from natural causes, or if you believe that deceased was poisoned by some other person than the defendant, acting alone or in connection with Jeff Wood, then you will find the defendant not guilty."

Wilson, Judge, speaking for the court, says:

"We think the paragraph is subject to the exception that it requires the jury to believe from the evidence the existence of the conditions which entitled him to acquittal. It virtually requires the jury to believe from the evidence that he is innocent before finding him not guilty, whereas the correct rule is that the jury must presume his innocence until his guilt has been established by the evidence beyond a reasonable doubt. If the jury entertained a reasonable doubt upon the whole evidence of the defendant's guilt, it was their duty to acquit him, although they might not believe from the evidence the existence of the fact and conditions, or any of them, mentioned in said paragraph. It is true that in concluding his charge the learned judge gave the usual instruction as to the presumption of innocence and as to reasonable doubt, and ordinarily such instruction is sufficient, but in this case we do not think it was sufficient to correct and counteract the error in paragraph 5. The vice of the paragraph is in requiring the jury to believe from the evidence that some one of said conditions existed, in order to warrant a verdict of acquittal because thereof."

It is apparent that within itself this instruction is inconsistent and contradictory. This court has held that, where the instructions on a material point in a criminal case are inconsistent, some correct and others incorrect to the extent that they may be mis-

leading to a jury, a conviction will be reversed. In the case of *Price v. State*, 1 Okla. Cr. 358, 98 Pac. 447, Furman, presiding judge, expressing the opinion of the court, in part says:

"We concede the contention of the state that instructions are to be construed as a whole and if, when so construed, they clearly and correctly state the law, then the instructions are sufficient. But this does not mean that an erroneous instruction upon a material issue can be cured by giving a correct instruction upon the same question in another portion of the instructions. Can instructions which are self-contradictory be harmonious and sufficient? Who can tell which instruction was followed by the jury? If the court did not harmonize the instructions given, how can it be expected that the jury could or would do so? If juries are to pass upon the sufficiency of instructions, then are they not the judges of the law as well as the facts? Instructions should be clear, explicit, and free from ambiguities and contradictions; otherwise they may confuse and mislead the jury."

As this question is decisive of the case, we do not deem it necessary to consider the other assignments of error.

For the reasons herein stated, the judgment of the county court of Creek county is reversed, and the cause remanded.

FURMAN, PRESIDING JUDGE, and BAKER, JUDGE, concur.