## WILLIAM FRAZIER v. UNITED STATES.

No. A-17. Opinion Filed July 27, 1909.

(103 Pac. 373.)

1.  APPEAL—Refusal of New Trial—Necessity of Exception. Where
    no objection is made, and no exception is saved, to the order
    of the trial court in overruling a motion for new trial, this
    court will not consider the motion.

2.  APPEAL—Reviewable Instructions. Instructions of the court
    and the indorsements thereon, are by statute, made a part of
    the record proper in the cause. Such instructions and the ex-
    ceptions indorsed thereon, being a part of the record proper,
    will be reviewed in felony cases by this court, although no ex-
    ception was saved to the order of the court overruling motion
    for new trial.

3.  INSTRUCTIONS—Burden of Proof. In a felony case, it is error
    to give an instruction which casts on defendant the burden of
    disproving any material allegation of the charge.

    (Syllabus by the Court.)

*Appeal from District Court, Pittsburg County; Preslie B. Cole,
Judge.*

William Frazier was convicted of murder, and appeals. Re-
versed.

The defendant below was tried separately on an indictment
charging him, jointly with Jesse Reed, with the crime of murder,
was convicted, and sentenced to imprisonment in the penitentiary
for life. A motion for new trial was filed, overruled, and no
exceptions saved to the order of the court overruling the motion.
The case is before this court on case-made. The Attorney Gen-
eral files motion to dismiss the appeal and affirm the judgment of
the lower court, for the reason no exception was saved to the or-
der of the court overruling motion for new trial.

*J. H. Wilkins*, for plaintiff in error.—On instructions on
*corpus delicti*: Hughes' Cr. Law, §§ 3089-3092; Wills on Cr.

2 Cr.—42

Ev. pp. 206, 694; *People v. Tarbox,* 115 Cal. 57; *U. S. v. Boese,* 46 Fed. 917; *State v. Brown,* 1 Mo. App. 86.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the United States.

OWEN, JUDGE. (after stating the facts as above). This is a companion case with the case of *Jesse Reed v. United States* (decided by this court at this term), *ante,* p. 652, 103 Pac. 371. They were tried separately in the court below on an indictment charging them jointly with the crime of murder.

In this case there are two questions presented, identical with the questions presented in the Jesse Reed case: First. Should the motion to dismiss be sustained? Second. Are there any reversible errors appearing in the record proper? The opinion of this court in the Reed Case settles the first question. It is approved here, and we deem it unnecessary to set forth the authorities, or the reasons of the court given there. This court in that case held, instructions of the court, and indorsements thereon, by statute having been made a part of the record proper, the errors complained of in the instructions were properly before this court. It follows that the motion by the Attorney General to dismiss this case must be overruled.

Counsel for defendant in his brief urges nine assignments of error. Under the rule announced in the Reed Case we can consider only such of these as go to the record proper. Two errors which are urged as reasons for reversing the case appear in the instructions: First, the refusal of the court to give instruction No. 1, requested by the defendant; second, the giving of instruction No. 7. Instruction No. 1, requested by defendant and refused by the court, was in the following language:

"The court instructs the jury that in law the *corpus delicti* in criminal cases cannot be established by confession alone. It must be shown by other evidence independent of confession of the accused, and the court further instructs the jury that it is the duty of the state to prove every material allegation in the indictment beyond a reasonable doubt; and, if it fails to establish in

the minds of the jury every material allegation in the indictment in this case to the satisfaction of the jury beyond a reasonable doubt, it is the duty of the jury to acquit the defendant."

Instruction No. 7, which was given, is as follows:

"The defendant denies that the body of the man found dead was that of Leemaster, but that it was the body of some other person, and the court instructs the jury that, if you believe from the evidence that the man found dead as testified to in this case was not the deceased, Henry Leemaster, but was the body of some other person, and that the defendant did not kill the said Henry Leemaster as charged in the indictment, then you should acquit the defendant."

We do not believe it was error for the court to refuse to give the instruction in the language requested. The language of this instruction embodies two distinct propositions. In this instruction the court is requested to instruct as to the *corpus delicti,* and as to the burden of proof. It was the duty of the trial court to give a proper instruction on the *corpus delicti,* and also to give a proper instruction on the burden of proof. It may be said, as an abstract proposition, that the *corpus delicti* in criminal cases cannot be established by confession alone. Hughes in his work on Criminal Law (section 3093) announces the rule in this language:

"The *corpus delicti* cannot be established alone by the confessions of the accused. This rule is fully recognized by the ablest text-writers and the general current authorities"—citing a great number of authorities to sustain the rule.

The same rule is announced by the Texas Court of Appeals in the case of *Jackson v. State,* reported in 29 Tex. App. 458, 16 S. W. 247, in the following language:

"In murder the *corpus delicti* has two components—death as the result, and the criminal agency and identity of another as the means. * * * A naked uncorroborated confession is not sufficient of itself to establish the *corpus delicti,* nor to support a conviction. * * * A confession is sufficient if there be such corroborative circumstances as will, taken in connection with the confession, produce conviction of defendant's guilt in the minds of the jury beyond a reasonable doubt."

We think this the correct rule, and in this case it was the duty of the court to so instruct the jury. Instruction No. 7, above quoted, seems to be the only attempt of. the court to instruct as to the *corpus delicti*. This instruction in our opinion was error. It, in effect, cast the burden on the defendant to prove the man killed was not Henry Leemaster. The indictment charges the defendant with having killed Henry Leemaster. The defendant was entitled to an acquittal if the proof on part of the state failed to convince the jury beyond a reasonable doubt that Henry Leemaster was killed, and that the defendant killed him, In the trial of felony cases there is no shifting of the burden of proof. The rule is universal that the burden is upon the state to show the commission of the crime charged; and, if there be a reasonable doubt of the guilt of the person accused, he must be acquitted. This unquestionably means that it devolves upon the state to prove the *corpus delicti* beyond a reasonable doubt. As was announced by the Texas Court of Appeals in the case above referred to:

"In murder the *corpus delicti* has two components—death as the result, and the criminal agency and identity of another as the means."

In this case the state was bound by the allegation that Henry Leemaster was killed; and, if the jury had any reasonable doubt as to whether Henry Leemaster was killed, the defendant was entitled to an acquittal.

Underhill on Criminal Evidence (section 23) announces the rule in the following language:

"The general rule, stated broadly, as laid down by the cases is that the burden of proof and the obligation to convince the jury of the prisoner's guilt beyond a reasonable doubt as to all essential facts, including the criminal intent, are upon the prosecution throughout the trial. There is no shifting of the burden of proof during the trial."

In the case of *People v. Millard,* 53 Mich. 63, 18 N. W. 562, the court said:

"In every criminal case the burden is throughout upon the prosecution."

In the case of *State v. Harvey*, 131 Mo. 339, 32 S. W. 1110, the court held:

"In a criminal case it is error to give an instruction which casts on the defendant the burden of establishing an alibi."

In that case the court, over objection of defendant, instructed the jury that, if they believed from the evidence that the defendant was not present at the time and place where the crime was committed, they would find him not guilty. The instruction there was very similar to instruction No. 7 here. In that case the jury was told that, if they believed from the evidence that the defendant was not present, they would acquit. Here the court told the jury that, if they believed from the evidence that the man found dead was not Henry Leemaster, and that the defendant did not kill Henry Leemaster as charged in the indictment, they would acquit.

In the case of *Williams v. People*, 101 Ill. 385, the court says:

"Indeed it is an elementary and fundamental principle that every material fact essential to the commission of the crime must be distinctly alleged and clearly proven on the trial, in order to warrant a conviction."

Section 5489, Wilson's Rev. & Ann. St. 1903, is as follows:

"A defendant in a criminal action is presumed to be innocent until the contrary is proved and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted."

This section in effect announces what was already the universal rule. If the evidence offered by defendant is strong enough to raise a reasonable doubt in the minds of the jury, or if from the insufficiency of the evidence on the part of the state they have such reasonable doubt, then the defendant is entitled to an acquittal.

For the error in giving this instruction, the case is reversed, and the cause remanded for new trial.

FURMAN, PRESIDING JUDGE. and DOYLE, JUDGE, concur.