WILL HEDDEN v. STATE.

No. A-13.    Opinion Filed August 30, 1909.

(103 Pac. 737.)

INSTRUCTIONS—Presumption of Innocence. The trial court instructed the jury that "if you believe from the evidence that the defendant did not, on or about the date and in the county and state aforesaid, deliver or assist in delivering to the said S. W. Barnhill any whisky, or if you believe that the said defendant did not receive or expect to receive, before, at or after the delivery thereof as aforesaid, either for the benefit or use of the defendant or any one else, any money in exchange therefor," etc. Held error, because it in effect required the jury, before finding for acquittal, to believe from the evidence adduced that the defendant was innocent, and substantially instructed against the presumption of innocence until guilt was established by evidence beyond a reasonable doubt.

(Syllabus by the Court.)

*Appeal from Creek County Court; Josiah G. Davis, Judge.*

Will Hedden was convicted of unlawfully selling intoxicating liquor, and he appeals. Reversed and remanded.

*Barnum & McGraw* and *Thompson & Smith,* for plaintiff in error.

*Fred S. Caldwell,* for the State.

PER CURIAM. This is a companion case to the case of *Weber v. State, ante,* p. 329, 101 Pac. 355. Plaintiff in error, Will Hedden, was convicted in the county court of Creek county on an information charging that in Creek county, on March 21,

1908, Will Hedden, John Tinkler, and John Doe (Frank Weber) did sell to one S. W. Barnhill one-half pint of whisky. Defendant was granted a severance. Upon the trial the jury returned a verdict of guilty, motion for new trial was filed, overruled, and exception allowed, and the court pronounced judgment. The case was appealed. At the May, 1909, term said cause was submitted.

Numerous assignments of error are set forth in the petition. However, as the same or a similar instruction was given by the court in this case as that given in the case of *State v. Weber, supra,* wherein this court, after fully considering the question, held that the giving of such an instruction constitutes, reversible error, it is unnecessary to consider the other assignments.

For the reasons set forth in said opinion, this cause is reversed, and remanded to the county court of Creek county.