WILLIAM CLENDENNING V. STATE.

No. A-9.   Opinion Filed January 13, 1910.

(106 Pac. 540.)

INSTRUCTIONS—Presumption of Innocence — Negative Instructions.
The following instruction held to be error: "If you believe
from the evidence that the defendant did not, on or about the day
and in the county and state aforesaid, deliver to the said Frank
Engles whisky, and receive in exchange therefor money, or other
valuable consideration, or if there is a reasonable doubt in your
mind as to the guilt of the defendant, then it is your duty,
under the law, to render a verdict of not guilty."

(Syllabus by the Court.)

*Appeal from Creek County Court; Josiah G. Davis, Judge.*

William Clendenning was convicted of violating the prohibition law, and appeals.   Reversed and remanded.

*Henry McGraw,* for appellant.
*Fred S. Caldwell,* for the State.

PER CURIAM.   The attorney for the state filed the following confession of error:

"Comes now the state of Oklahoma, by Fred S. Caldwell, as counsel to the Governor, and represents to this honorable court that, as appears at page 33 of the record in the above-named cause, the trial court instructed the jury, in paragraph No. 6 of the instructions, as follows: 'If you believe from the evidence that the defendant did not, on or about the day and in the county and state aforesaid, deliver to the said Frank Engles whisky, and receive in exchange therefor money or other valuable consideration, or if there is a reasonable doubt in your mind as to the guilt of the defendant, then it is your duty, under the law, to render a verdict of not guilty.' To the giving of the above instruction the defendant duly excepted at the time.   This honorable court has, in the case of *Weber v. State,* 2 Okla. Cr. 329, 101 Pac. 355, held that an instruction identical in substance with the foregoing instruction constitutes prejudicial error.   Wherefore, on the authority of the said case of *Weber v. State, supra,* the state of Oklahoma prays that the judgment of the trial court in the above-

named cause be reversed and said cause remanded to the county court of Creek county, state of Oklahoma, for a new trial."

The confession of error is sustained, and upon the authorities cited in *Miller v. State, ante,* p. 374, 106 Pac. 538, the judgment of conviction is set aside, and the cause remanded for a new trial.