## JACK YOUNG v. STATE.

No. A-11.   Opinion Filed January 13, 1910.

(106 Pac. 555.)

INSTRUCTIONS— Presumption of Innocence—Negative Instructions. The following instruction held to be error. "If you believe from the evidence that the defendant did not on or about the day and in the county and state aforesaid deliver or assist in delivering to the said Frank Engles any intoxicating liquor, and receive or expect to receive at or after the delivery thereof as aforesaid either for the benefit and use of the defendant or any one else, any money, or any other valuable consideration in exchange therefor or if there is a reasonable doubt in your mind as to the guilt of the defendant, then it is your duty under the law , to render a verdict of not guilty."

(Syllabus by the Court.)

*Appeal. from Creek County Court; Josiah G. Davis, Judge.*

Jack Young was convicted of violating the prohibition law, and he appeals. Reversed and remanded for new trial.

*Barnum & McGraw* and *Thompson & Smith,* for appellant. *Fred S. Caldwell,* for the State.

PER CURIAM. The attorneys for the state filed the following confession of error:

"Comes now the state of Oklahoma by Fred S. Caldwell, as counsel to the Governor, and represents to this honorable court that, as appears on pages 20 and 21 of the record in the above-named cause, the trial court instructed the jury in paragraph No. 6 of the instuctions, as follows: 'If you believe from the evidence

Syllabus.

that the defendant did not on or about the day and in the county and state aforesaid deliver or assist in delivering to the said Frank Engles any intoxicating liquor, and receive or expect to receive at or after the delivery thereof, as aforesaid, either for the benefit and use of the defendant or any one else, any money, or any other valuable consideration in exchange therefor; or if there is a reasonable doubt in your mind as to the guilt of the defendant, then it is your duty under the law to render a verdict of not guilty.' To the giving of the above instruction the defendant duly excepted at the time. This honorable court has in the case of *Weber v. State,* 2 Okla. Cr. 329, 101 Pac. 355, held that an instruction identical in substance with the foregoing instruction constitutes prejudicial error. Wherefore, on the authority of the said case of *Weber v. State, supra,* the state of Oklahoma prays that the judgment of the trial court in the above-named cause be reversed and said cause remanded to the county court of Creek county, state of Oklahoma, for a new trial."

This confession of error is sustained, and upon the authorities cited in *Miller v. State, ante,* p. 374, 106 Pac. 538, the judgment of conviction is set aside, and the cause remanded for a new trial.