## AL. MUMBRAUER v. STATE.

No. A-70.   Opinion Filed January 25, 1910.

(106 Pac. 559.)

INSTRUCTIONS—Reasonable Doubt—Burden of Proof. An instruction in the following language; "If you believe from the evidence that the defendant did not, on or about the day and in the county and state aforesaid, deliver to the said J. W. Dobson any intoxicating liquor or receive in exchange therefor any money, or if there is a reasonable doubt in your mind as to the guilt of the defendant, then it is your duty under the law to render a verdict of not guilty"—places the burden of proof on the defendant, and deprives him of the benefit of the presumption of innocence, which prevails until he is proven guilty beyond a reasonable doubt.

(Syllabus by the Court.)

*Error from Creek County Court; Josiah G. Davis, Judge.*

The plaintiff in error, Al. Mumbrauer, was tried in the county court of Creek county in September, 1908, charged with selling intoxicating liquor. He was convicted and sentenced to imprisonment in the county jail of Creek county for thirty days and to pay a fine of $100 and costs. The case is before us on appeal. Confession of error filed, and case reversed.

*Barnum & McGraw,* for plaintiff in error.

*Fred S. Caldwell,* Counsel to the Governor, for the State.

OWEN, JUDGE. The counsel for the Governor, representing the state in this case, has filed his written confession of error, confessing that the lower court erred in instructing the jury as follows:

"If you believe from the evidence that the defendant did not, on or about the day and in the county and state aforesaid, deliver to the said J. W. Dobson any intoxicating liquor, or receive in exchange therefor any money, or if there is a reasonable doubt in your mind as to the guilt of the defendant, then it is your duty under the law to render a verdict of not guilty."

Under the rule announced by this court in the case of *Weber v. State*, 2 Okla. Cr. 329, 101 Pac. 355, and the authorities cited there, the confession of error must be sustained.

The case is reversed, with directions to grant the defendant's motion for a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.