## G. M. RAMSEY v. STATE.

No. A-140.   Opinion Filed November 29, 1910.

*Appeal from Pontotoc County Court; W. C. Edwards, Special Judge.*

G. M. Ramsey was convicted of violating the prohibition law, and appeals.   Reversed and remanded.

*Galbraith & McKeown* and *Crawford & Bolen,* for plaintiff in error.

PER CURIAM.   G. M. Ramsey was convicted of a violation of the prohibition law and on the 29th day of December, 1908, was by the court sentenced according to the verdict of the jury to pay a fine of fifty dollars and to be confined in the county jail for a period of thirty days.   From such judgment and sentence he appealed by filing with the clerk of this court, on April 17, 1909, his petition in error with case-made attached, together with proof of service of notices of appeal.

The record shows that the following instruction was given and excepted to:

"7.   The defendant, as a defense, claims that he did not sell intoxicating liquor at the time charged in said information, and if you are satisfied from the evidence that this statement is true, then your verdict should be a verdict of not guilty, because the defendant cannot be convicted in this case unless you are satisfied from the evidence that the defendant is guilty of unlawfully disposing of intoxicating liquor.

"Given and excepted to by defendant.

"W. C. EDWARDS, Judge."

The identical question raised by this assignment was considered by this court in the case of *Will Rea v. State,* 3 Okla. Cr. 269, 105 Pac. 381, wherein the court held that an instruction in this form constitutes reversible error, because it in effect required the jury, before finding for acquittal, to believe from the evi-

dence that the defendant did not sell the intoxicating liquor as charged in the information. In other words, it virtually requires the jury to believe from the evidence that the defendant is innocent before finding him not guilty. It is not essential to an acquittal that the jury should believe that the defendant did not sell intoxicating liquor. The law presumes that he is not guilty as charged until his guilt has been established by competent evidence beyond a reasonable doubt. See, also, *Weber v. State,* 2 Okla. Cr. 329.

For this reason, without considering the other assignments, the judgment is reversed and the cause remanded to the county court of Pontotoc county.