## A. J. VAUGHN v. STATE.

No. A-1817.   Opinion Filed April 5, 1913.

(130 Pac. 1100.)

TRIAL—Instructions—Rules of Evidence.   An instruction in the follow-
ing language: "If, after considering all the evidence, you are
morally certain of the innocence of the defendant, then it is your
duty to acquit him.  Otherwise, convict him."   Held error, because
it places the burden of proof on the defendant to establish his
innocence, and deprives him of the benefit of the presumption of
innocence, which prevails until he is proven guilty beyond a
reasonable doubt.

(Syllabus by the Court.)

*Error from Pawnee County Court;*
*Fred S. Liscum, Judge.*

A. J. Vaughn was convicted of violation of the prohibition
law, and brings error.   Reversed and remanded.

*Orton & McNeill,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty.
Gen., for the state.

DOYLE, J.   Plaintiff in error was convicted of having in
his possession whisky with the unlawful intent to violate provi-
sions of the prohibition law, and was on July 8, 1912, in ac-
cordance with the verdict of the jury, sentenced to be confined
in the county jail for 30 days, and pay a fine of $350.   To re-
verse this judgment an appeal on case-made was perfected.

Defendant's counsel contend that the court misdirected the
jury, to the prejudice of the substantial rights of the defendant,
by giving the following instruction:

"If, after considering all the evidence, you are morally
certain of the innocence of the defendant, then it is your duty
to acquit, otherwise, convict him."

The record shows that an exception was taken to the giv-
ing of this instruction, and that the error was also presented to

the trial court in a motion for new trial. The Attorney General has filed a confession of error as follows:

"This instruction is fundamentally erroneous, in that it deprives the defendant of the presumption of innocence guaranteed to him by the law of this state, and also places the burden upon him of establishing his innocence to a moral certainty, instead of requiring the state to prove his guilt beyond a reasonable doubt. We think the error here complained of so palpable and of such a nature as to deprive this defendant of a substantial right to his prejudice."

Unquestionably the judgment should be reversed. A defendant in a criminal action is presumed to be innocent until the contrary is proved, and, in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted. Under the rule announced by this court in the case of *Weber v. State,* 2 Okla. Cr. 329, 101 Pac. 355, and the authorities cited there, the confession of error must be sustained.

The judgment of the county court of Pawnee county is therefore reversed, and the cause remanded.

ARMSTRONG, P. J., and FURMAN, J., concur.