## LOUIS REMILLARD v. STATE.

No. A-1672. Opinion Filed January 10, 1914.

On Rehearing January 19, 1914.

(137 Pac. 370.)

1. APPEAL—Questions of Fact. Where there is a direct contradiction between the testimony of the complaining witness and that of the defendant, it is for the jury to determine which is worthy of belief, and their determination ordinarily will be sustained.

2. TRIAL—Instructions—Presumption of Innocence. The court instructed the jury in part as follows: ''But, if you find from the evidence that he did not sell, or assist in the sale, or give or otherwise furnish, or assist in giving or otherwise furnishing the said liquor to the said Glen Hall, then you should acquit him.'' Held error, because it in effect required the jury, before finding for acquittal, to believe from the evidence adduced that the defendant was innocent, and substantially instructs against the presumption of innocence until his guilt has been established beyond a reasonable doubt.

*Appeal from County Court, Ellis County;
A. L. Squire, Judge.*

Louis Remillard was convicted of a violation of the prohibitory law and appeals. Reversed.

*C. B. Leedy,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen. (*Herbert M. Peck,* of counsel), for the State.

DOYLE, J. This appeal is prosecuted from a conviction had in the county court of Ellis county on the 31st day of January, 1912, in which plaintiff in error was found guilty of unlawfully selling to Glen Hall one pint of whisky, and in accordance with the verdict of the jury he was sentenced to be confined for 90 days in the county jail and to pay a fine of $150.

The complaining witness, Glen Hall, testified that he went to the defendant's livery barn and asked him if there was anything around there to drink, and defendant replied that he did not know, but that he might find some in the manger; that he went to the manger and found a pint of whisky, and left a dollar, and as he left the barn he told the defendant that he had left a dollar in the manger, and defendant replied, "All right."

The defendant as a witness in his own behalf stated that Glen Hall came into his barn on several occasions and asked him for whisky, but that he had never sold any to Hall, or kept any at the barn for sale, and denied that he said to Hall that he might find some in the manger.

These were the only witnesses who testified. There is a direct conflict in the evidence on the part of the state and that of the defendant. The jury had the witnesses before them, and could see their manner of testifying, and they, no doubt, in determining the truth, took into consideration all the attending circumstances of the case. The evidence was sufficient to satisfy the jury that the statute had been violated, and if there is sufficient evidence to sustain the verdict it must stand.

It appearing that the defendant has had a fair trial, the judgment of the lower court is affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.

ON REHEARING.

DOYLE, J.   A petition for rehearing has been filed in which it is averred:

"That this court in rendering its decision in this cause, overlooked the decisive question upon which this case was appealed, and the important question submitted in the motion for a new trial, and in the petition in error, to wit, that the court materially and manifestly erred in giving that part of instruction number four, which reads as follows: 'But if you find from the evidence that he did not sell, or assist in the sale, or give or otherwise furnish, or assist in giving or otherwise furnishing the said liquor to the said Glen Hall, then you should acquit him.' "—Citing the case of *Weber v. State,* 2 Okla. Cr. 329, 101 Pac. 535.

It is our opinion that this paragraph of said instruction is clearly erroneous, and in giving it the court misdirected the jury, to the prejudice of the substantial rights of the defendant.   This paragraph, in effect, deprives the defendant of the benefit of the presumption of innocence.   It required the jury to believe from the evidence that he was innocent before they could find him not guilty, and imposed upon him the burden of proving his innocence.

A defendant is presumed to be innocent until the contrary is proved and the jury must presume his innocence until his guilt has been established beyond a reasonable doubt, and in case of a reasonable doubt it was their duty to acquit him, although they might not find from the evidence that he did not sell or assist in the sale or otherwise furnish the said liquor to Glen Hall as charged in the information.

For the giivng of said instruction the judgment is reversed and a new trial awarded.

ARMSTRONG, P. J., and FURMAN, J., concur.