## R. N. WOOD v. STATE.

No. A-2034.   Opinion Filed November 21, 1914.

(144 Pac. 391.)

1.   **TRIAL—Instructions—Presumption of Innocence.** An instruction in these words, ''In this case, if you should believe from the evidence that the defendant bought the property in question at the town of Bromide, openly and publicly, in good faith, and was not concerned, or aided and abetted others in the theft of the cow, then, if you should so find, you could not convict the defendant, and it would be your duty to acquit him,'' held prejudicial error, in that it deprives the defendant of the benefit of the presumption of innocence, which prevails until the contrary is proved by competent evidence, and places the burden of proof on him to establish his innocence.

2.   **SAME—Evidence—Order of Proof—Discretion.** The introduction of testimony out of its order rests in the discretion of the trial court, and it may admit, on rebuttal, testimony which is properly a part of the state's case in chief, but where the county attorney knew, before the trial commenced, that a codefendant would be called as a witness for the state, but intentionally failed to indorse his name on the information, and held this witness back until after the defense rested, it was an abuse of discretion to permit the name of this witness to be indorsed on the information, and to admit on rebuttal his testimony to facts belonging to the case in chief.

(Syllabus by the Court.)

*Appeal from District Court, Johnston County;*
*John Caruthers, Assigned Judge.*

R. N. Wood was convicted of larceny, and appeals. Reversed.

*A. T. West* and *Mont F. Highley*, for plaintiff in error.

*Chas. West*, Atty. Gen., and *Smith C. Matson* and *C. J. Davenport*, Asst. Attys. Gen., for the State.

DOYLE, J. The plaintiff in error, R. N. Wood, Byrd Jackson, and Leslie Sinclair were jointly informed against for the larceny of a cow, the personal property of Johnson Cohee. Plaintiff in error demanded and was granted a separate trial. The trial resulted in a verdict of guilty, as charged in the information, and his punishment fixed at imprisonment in the penitentiary for a period of eight years.

According to the state's theory, the plaintiff in error hired and employed his codefendants to steal the cow. Testimony showing the theft of the cow and the defendant's possession was introduced in chief. The defendant moved the court to direct a verdict of acquittal, which motion was denied.

Plaintiff in error, as a witness in his own behalf, testified that he conducted a restaurant at Bromide; that Leslie Sinclair sold him the cow for $27; that he gave him $4.50 in cash and a check for $22.50, balance of the purchase price, which check was introduced in evidence; that he had the cow put in a pasture a quarter of a mile north of town.

Seven or eight witnesses testified that they were in the plaintiff in error's place of business when Leslie Sinclair came in and offered to sell the cow; that the plaintiff in error went with him, presumably to look at the cow; that they returned shortly, and, after some propositions and counter propositions between them, plaintiff in error bought the cow from Leslie Sinclair, paying him part in money and part by check.

When the defense rested, the court, over the objection of the plaintiff in error, permitted the county attorney to indorse on the information the name of Leslie Sinclair, a codefendant, and, without being discharged from the information, Sinclair

became a voluntary witness for the state on rebuttal, and testified that he was hired by the plaintiff in error to steal the cow.

Of the numerous errors assigned, it is only necessary to pass upon two. The first is that the court misdirected the jury, to the prejudice of the substantial rights of the defendant, by giving instruction No. 6. The instruction is in these words:

"The court further instructs you that, while the possession of stolen property recently after the theft, if unexplained, is a circumstance that you may consider as tending to show the guilt of the possessor, still in this case, if you should believe from the evidence that the defendant bought the property in question at the town of Bromide, openly and publicly, in good faith, and was not concerned, or aided and abetted others in the theft of the cow, then, if you should so find, you could not convict the defendant, and it would be your duty to acquit him."

We are of opinion that this instruction was prejudicial error. It in effect deprives the defendant of the presumption of innocence guaranteed to him by the law of this state, and shifts the burden of proof by requiring him to establish his defense by a preponderance of the evidence. It is the law that a defendant, in a criminal action, is presumed to be innocent until the contrary is proved by competent evidence, and, in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted. Similar instructions have been condemned by numerous decisions of this court. *Washmood v. U. S.,* 10 Okla. Cr. 254, 136 Pac. 184; *Nichols v. State,* 10 Okla. Cr. 247; 135 Pac. 1071; *Vaughn v. State,* 9 Okla. Cr. 121, 130 Pac. 1100; *Clendenning v. State,* 3 Okla. Cr. 379, 106 Pac. 540; *Rea v. State,* 3 Okla. Cr. 270, 105 Pac. 381; *Frazier v. U. S.,* 2 Okla. Cr. 657, 103 Pac. 373; *Weber v. State,* 2 Okla. Cr. 329, 101 Pac. 355.

It is also contended that the court erred in permitting the indorsement of the name of and in admitting on rebuttal the evidence of Leslie Sinclair. The manifest purpose of requiring the names of witnesses to be indorsed upon the indictment or information is to inform defendant upon whose testimony the state relies to secure a conviction, so that he may know what evi-

dence he may reasonably expect to be offered against him; and this in order to enable him to prepare for his defense. The introduction of evidence out of its order rests in the discretion of the trial court. It may admit new testimony on rebuttal which is properly a part of the state's case in chief, and it may in its discretion, upon a showing, permit the state to reopen a case for the introduction of new evidence in chief at any stage of the trial, and it is often necessary to exercise this discretion in the furtherance of justice. The testimony of the witness Sinclair was not rebuttal in the ordinary acceptation of that term; however, it was clearly competent as testimony in chief. The county attorney knew, before the trial commenced, that this codefendant would voluntarily testify as a witness for the state, and that he would be called as a witness for the state, but failed to indorse his name as a witness on the information, and intentionally held this witness back to testify on rebuttal.

In the case of *Nelson v. State,* 5 Okla. Cr. 368, 114 Pac. 1124, it is held that it is an abuse of discretion for the trial court to permit the county attorney to withhold the names of material witnesses until the case is called for trial, and then allow them to be indorsed on the indictment or information. We think that, under the circumstances of this case, the trial court abused its discretion in permitting the county attorney to indorse the name of this witness on the information and in admitting this testimony on rebuttal.

We are of opinion, for the reasons herein expressed, the defendant did not have a fair trial. Wherefore the judgment is reversed, and the case remanded.

ARMSTRONG, P. J., and FURMAN, J., concur.