## S. M. TABOR et al. v. STATE.

No. A-4120.   Opinion Filed April 30, 1923.
(214 Pac. 564.)

(Syllabus.)

**Evidence—Instructions Placing on Accused Burden of Proving Any Issue by Preponderance Erroneous.**  Instructions which place upon the accused the burden of proving any issue in a criminal case by a preponderance of the testimony are fundamentally erroneous.

Appeal from County Court, Texas County; Geo. M. Frittz, Judge.

S. M. Tabor and another were convicted of a violation of the prohibitory liquor law, and they appeal.  Reversed.

Earl Martin and Hunt & Eagleton, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.   S. M. Tabor and J. E. Gilmore were convicted in the county court of Texas county under an information

charging that in said county, on or about the 1st day of March, 1921, they did unlawfully manufacture intoxicating liquors, to wit, malt beer, by the means of malt, hops, and yeast, said intoxicating liquor containing more than one-half of 1 per cent. of alcohol, measured by volume, and their punishment each fixed at confinement in the county jail for 30 days and a fine of $50. From the judgment rendered on the verdict, they appeal.

Of the various errors assigned it is only necessary to consider the one, that the court misdirected the jury to the prejudice of the substantial rights of the defendants by giving instruction No. 5, which reads as follows:

"You are further instructed that, if you believe from the evidence beyond a reasonable doubt that these said defendants, S. M. Tabor and J. E. Gilmore, did not make, manufacture, or were in any way concerned in the making or manufacture of intoxicating liquors, then you should find the defendants not guilty and acquit them."

To the giving of this instruction defendant excepted. The Attorney General has filed a confession of error, because said instruction places the burden upon these defendants to prove their innocence, rather than placing the burden upon the state to prove their guilt.

It is our opinion that the giving of this instruction constitutes prejudicial error. It in effect deprives defendants of the benefit of the presumption of innocence guaranteed to them by the law of this state, and shifts the burden of proof by requiring them to establish their innocence by a preponderance of the evidence. It is the law that a defendant in a criminal action is presumed to be innocent until the contrary is proved by competent evidence, and, in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted. Similar instructions have been

condemned by numerous decisions of this court. Slate v. State, 15 Okla. Cr. 201, 175 Pac. 843; Findley v. State, 13 Okla. Cr. 128, 162 Pac. 680; Courtney v. State, 12 Okla. Cr. 169, 152 Pac. 1134; Smith v. State, 12 Okla. Cr. 489, 159 Pac. 668; Wood v. State, 11 Okla. Cr. 176, 144 Pac. 391; Remillard v. State, 10 Okla. Cr. 438, 133 Pac. 1132, 137 Pac. 370; Vaughn v. State, 9 Okla. Cr. 121, 130 Pac. 1100; Clendenning v. State, 3 Okla. Cr. 379, 106 Pac. 540; Weber v. State, 2 Okla. Cr. 329, 101 Pac. 355.

It follows that the confession of error is well founded, and for the giving of said instruction the judgment is reversed, and a new trial awarded.

MATSON, P. J., and BESSEY, J., concur.