## MILT DUNAWAY v. STATE.

No. A-8334.   June 11, 1932.
(12 Pac. [2d] 549.)

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Dewey county of selling whisky, and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

The sufficiency of the evidence is not questioned. The only contention is that the court erred in his instructions to the jury. On this point the case-made sets out the instruction No. 2. Following this is an exception. Then follows a motion to amend case-made alleging that in-

struction 2 as it appears in the case-made is not correct, but that as read to the jury it contained the word "not," shifting the burden to defendant and bringing it within the rule announced by this court in Weber v. State, 2 Okla. Cr. 329, 101 Pac. 355, Vaughn v. State, 9 Okla. Cr. 121, 130 Pac. 1100, and Brennon v. State, 27 Okla. Cr. 286, 226 Pac. 1062. The case-made then recites that the court overruled the application to amend. This is followed by affidavits that the instruction of the court was in this language:

"On the other hand, if upon consideration of all the evidence in this case, you entertain a reasonable doubt as to whether the defendant Milt Dunaway, in this county and state, on or about the date mentioned did 'Not' sell said liquor and whisky you will find the defendant not guilty."

An appeal is a new case in which the petition in error is the petition and the case-made or the transcript of the record is the proof. A matter assigned as error in the petition in error not supported by the case-made or transcript of the record cannot be considered in the appellate court. Saunders v. State, 4 Okla. Cr. 265, 111 Pac. 965, Ann. Cas. 1912B, 766, Cochran v. State, 4 Okla. Cr. 379, 111 Pac. 974.

Since the instruction claimed to be erroneous is shown by the case-made to be correct in form, and since the trial court overruled an application to amend the case-made by showing the instruction to be in a different form, the assignment of error is not supported by the case-made. Proof by affidavit contradicting the record cannot be considered by this court.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.