## L. M. MERRIWEATHER v. STATE.

No. A-8355.   June 24, 1932.
(12 Pac. [2d] 707.)

W. H. Hussey and Mounts & Chamberlin, for plaintiff in error.

The Attorney General, A. C. Chaney, Co. Atty., and Houston Reeves, Asst. Co. Atty., for the State.

CHAPPELL, J.   Plaintiff in error was convicted in the county court of Tillman county of the crime of unlawfully pointing a gun, and his punishment fixed by the court at a fine of $50 and imprisonment in the county jail for a period of 90 days.

It appears from the record that the defendant was charged with pointing a gun at certain men claiming to represent the highway department and the county com-

missioners, and who were cutting down and removing certain pecan trees from the highway in front of defendant's premises.

Plaintiff in error contends first that the court erred in giving the following paragraph of instruction No. 4-A:

"And in this case if you find and believe from the evidence beyond a reasonable doubt that the defendant in this case had reasonable grounds to believe that he was the owner of the trees in question and that it was necessary for the protection of this property that he committed the actions as charged in this information, then the defendant would not be guilty."

An instruction in this form, placing the burden of proof upon the defendant, has been condemned in the following cases: Clendenning v. State, 3 Okla. Cr. 379, 106 Pac. 540; Vaughn v. State, 9 Okla. Cr. 121, 130 Pac. 1100; Remillard v. State, 10 Okla. Cr. 438, 133 Pac. 1132, 137 Pac. 370; Wood v. State, 11 Okla. Cr. 176, 144 Pac. 391; Smith v. State, 12 Okla. Cr. 489, 159 Pac. 668; Findley v. State, 13 Okla. Cr. 128, 162 Pac. 680; Slate v. State, 15 Okla. Cr. 201, 175 Pac. 843; Stribling v. State, 18 Okla. Cr. 48, 192 Pac. 590; Tabor v. State, 23 Okla. Cr. 303, 214 Pac. 564.

It is the settled law of this state that defendant in a criminal case is presumed to be innocent until the contrary is proven by competent evidence, beyond a reasonable doubt, and it is not incumbent upon the defendant to show beyond a reasonable doubt or by a preponderance of the evidence that he did not do certain things. In case of a reasonable doubt, he is entitled to be acquitted.

Defendant next contends that the court further erred in instruction No. 4-A where the court said:

"Under the law of this state between all section lines it is reserved as a public highway which is under charge and control of the highway officials and no person has any right in or to said highway except for the uses and purposes of travel and any property upon said highway is at the disposal of highway officials and any person claiming any such property it would be necessary for them or the person claiming such to comply strictly with the conditions imposed upon him in giving him this right."

29 Corpus Juris, pages 543, 544, states the law as follows:

"*Trees.* The ownership of the trees in the highway remains in the proprietor of the fee, and unless forbidden by statute, he may remove them at pleasure, having regard to the safety and convenience of public travel. The highway officers cannot remove or cut such trees except when it is necessary for the safe and free use of the highway, and it is said that even if their removal is necessary the owner should have an opportunity to transplant them."

In Barclay et al. v. Howell, 6 Pet. 498, 8 L. Ed. page 498, it is said:

"By the common law, the fee in the soil remains in the original owner, where a public road is made upon it, but the use of the road is in the public; the owner parts with this use only; for if the road should be vacated by the public, he resumes the exclusive possession of the ground; and while it is used as a highway he is entitled to the timber and grass which may grow upon the surface, and to all minerals which may be found below it; he may bring an action of trespass against any one who obstructs the road."

To the same effect is Banks v. Ogden, 2 Wall. 57, 17 L. Ed. page 818.

In Clark v. Dasso, 34 Mich. 86, it is said:

"It is to be remembered that the trees are the property of the adjacent owner, who cannot lawfully be de-

prived of any species of property in the summary mode which was adopted in this case. .If the trees must be removed, he may prefer to take them as living trees and transplant them elsewhere; perhaps in more suitable localities in the street, and he should not be compelled to cut them down where removal is preferred."

See, also, People v. Foss, 80 Mich. 559. 45 N. W. 480, 8 L. R. A. 472, 20 Am. St. Rep. 537; 13 Ruling Case Law, pages 132, 133.

Section 8444, C. O. S. 1921, provides:

"An owner of land, bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown."

Under the authorities above cited, defendant owned the land to the center of the highway, and the trees growing thereon were his property. Hence no burden rested on him to show any ownership, or right upon such highway or to such trees; the burden being upon the state.

It was error, therefore, for the court to tell the jury in effect that the burden was upon defendant to show that he was the owner of the trees, and to further tell the jury that the officers could cut down and remove the trees, as they were attempting to do when defendant requested them to desist.

For the reasons stated, the cause is reversed.

EDWARDS, J., concur. DAVENPORT, P. J., absent.