## A. H. DAVIS v. STATE.

No. A-192.   Opinion Filed December 20, 1910.

1.   INFORMATION—Amendment—Allegation of Preliminary Trial—
Verification.   (a) It is not error to permit a county attorney
to amend an information in matter of form or substance where
the same can be done without material injury to the defend-
ant, even though the trial may have begun.

(b) In an information for a felony it is not necessary that
it should be alleged that a defendant has had a preliminary
hearing before an examining mag'strate, or had waived such
hearing or that the magistrate had bound the defendant over
upon the accusation charged in the information.

(c) If an information does allege that a defendant has
had a preliminary trial before an examining magistrate, or that
he had waived such trial, and the magistrate had bound the
defendant over to answer the charge against him, such allega-
tions are wholly foreign and irrelevant to the information and
will be treated as surplusage.

(d) It is not necessary that an information in a felony
case should be verified by the county attorney or any other
person.

2.   INSTRUCTIONS—Presumption of Innocence—Reasonable Doubt.
(a) It is error for the court to instruct the jury that it must
appear to their reasonable satisfaction that the defendant was
justified before they can acquit him.

(b) A verdict of not guilty is not a verdict of innocence,
but is only a verdict of not proven; and it may often happen
that, under the law and the evidence, a jury is required to find
a defendant not guilty when each member of the jury may not
be satisfied of his innocence.

(c) Our statute is mandatory that a defendant must be
acquitted by the jury when they are not satisfied of his guilt
from competent evidence beyond a reasonable doubt.

(Syllabus by the Court.)

*Appeal from District Court, Greer County; J. R. Tolbert, Judge.*

The defendant was convicted of an assault with intent to do
bodily harm, and his punishment was assessed by the court at con-
finement in the county jail at hard labor for a period of six
months.   Defendant appealed.   Reversed.

*J. L. Carpenter,* for appellant.

*Smith C. Matson,* Asst. Atty Gen., for the State.

FURMAN, PRESIDING JUDGE. 1. The information in this case is as follows:

"In the District Court of Greer County. State of Oklahoma v. A. H. Davis. 1597 Information. In the name and by the authority of the State of Oklahoma, comes now H. D. Henry, County Attorney of Greer County, State of Oklahoma, and in behalf of said state presents in and to the district court of said county at the May, nineteen hundred and eight term of said court, that heretofore, to wit, on or about the fourteenth day of March, nineteen hundred and eight, in the County of Greer, State of Oklahoma, one A. H. Davis did, then and there, intentionally, wilfully, wrongfully, unlawfully and feloniously, with intent to kill William Dinley, with a kind of fire arm, to wit: a loaded, double-barrel shotgun, which he, the said A. H. Davis, then and there, had and held in his hands, did, then and there unlawfully and feloniously, make an assault upon the said William Dinley, by shooting at and toward the said William Dinley, thereby discharging from said loaded shotgun with powder and leaden shots one load of powder and leaden shots, at and toward the said William Dinley, and striking him in the face and head of the body and person of the said William Dinley, and the said A. H. Davis, in manner and form aforesaid, did then and there, wilfully, intentionally, wrongfully, unlawfully and feloniously attempt to and did shoot the said William Dinley, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Oklahoma. And thereafter on the 20th day of April 1908, the said A. H. Davis, having been duly charged with said offense before T. A. Putnam, an examining magistrate of said county, with jurisdiction in this regard, was duly tried on a preliminary examination upon said charge and was by said magistrate held to this court upon said charge.          H. D. HENRY, County Attorney
of Greer County, Oklahoma."

After the jury had been empaneled and the county attorney had made his opening statement, counsel for appellant objected to the introduction of any testimony in this case because the information did not conclude "against the peace and dignity of the

state," as required by sec. 19, art. 7 of the Constitution. The county attorney requested permission to amend the information by striking out the last six lines, which request was by the court granted. The defendant objected to the action of the court in permitting the information to be amended, and excepted to the ruling of the court thereon. It is not error to permit a county attorney to amend an information in matter of form or substance where the same can be done without material injury to the defendant, even though the trial may have begun. *Howard v. State,* 2 Okla. Cr. 200. The amendment complained of consisted in permitting. the county attorney to strike out that portion of the information alleging that the defendant had had an examining trial prior to the filing of the information. In the prosecution of a defendant by information for a felony it is not necessary that the information should allege that there was a preliminary hearing before a committing magistrate, or a waiver of the same, and that the defendant had been committed by the magistrate to answer the accusation contained in the information, although such facts must exist in order to authorize the filing of such information. Whether or not an examination has or has not been had is not a question of pleading, but is a question of fact to be raised by the defendant or not, at his option, by a motion to set aside the information. *Canard v. State,* 2 Okla. Cr. 505. If an information does allege that the defendant has had a preliminary trial before an examining magistrate, such allegation is wholly foreign and irrelevant to the information, and will be treated as surplusage. *Ran Wood v. State,* 3 Okla. Cr. 553.

The requirement of our statute that an information must be verified applies only to misdemeanor cases. There is no requirement in this state, either by constitutional provision or statute law, that an information charging a felony must be verified by the county attorney or any other person. The verified complaint filed with the examining magistrate as provided by section 6577, Snyder's Comp. Laws of Okla. 1909, and the evidence taken under oath in the preliminary examination of the accused as re-

quired by section 30, art. 2 of the state Constitution, and the defendant being held to answer by the magistrate, or the fact that the accused waived such preliminary examination and thereby admitted the existence of probable cause to believe him guilty, are sufficient to authorize the county attorney to file an information against him without verifying said information. See *In re Talley ante,* decided at the present term.

We therefore hold that it was not necessary for the information to be verified either before or after the amendment had been permitted, and that the court did not err in permitting the county attorney to so amend the information, and in not requiring the information to be verified after it was amended.

2. The 13th instruction of the court to the jury is as follows:

"You are instructed that if you believe from the evidence that the defendant with a shotgun intentionally shot the prosecuting witness as charged in the information, then before such shooting can be justified on the grounds of self-defense, it must appear to the reasonable satisfaction of the jury from the whole of the evidence that the defendant at the time of the shooting had reasonable ground to believe and did believe that the prosecuting witness and his companion, Norris, or one of them, was then about to kill him or do him some great bodily harm; and that the defendant had reasonable cause to believe and did believe that there was imminent danger of such design on the part of the prosecuting witness and said Norris, or either of them, being acomplished; and that the defendant did shoot and wound the prosecuting witness to prevent such harm to himself and not to gratify a grudge."

This instruction was duly excepted to by the defendant at the time it was given, and is assigned as error in the brief of counsel for the defendant. We believe that this instruction is erroneous because it did not require the jury to believe from the evidence beyond a reasonable doubt that the defendant intentionally shot the prosecuting witness, and for the further reason that it required the jury to believe to their reasonable satisfaction, from the whole evidence, that the defendant at the time of the shooting had reasonable ground to believe and did believe that the prosecut-

ing witness and his companion, Norris, or one of them, was about to kill him or do him some great bodily harm. It is not necessary that a jury should be reasonably satisfied that a defendant is not guilty before they can acquit him. It is their duty to acquit the defendant when the testimony fails to satisfy them beyond a reasonable doubt that he is guilty. If they entertain a reasonable doubt as to the guilt of the defendant, they must acquit him, although each member of the jury may not be reasonably satisfied of his innocence. A verdict of not guilty is not a verdict of innocence, but is a verdict of not proven; and it may often happen that a jury, under the law and under the evidence, are required to find the defendant not guilty, when each member of such jury may not be satisfied of his innocence. Our statute is mandatory that a defendant is entitled to an acquittal where his guilt is not proven by competent evidence beyond a reasonable doubt. It is true that in another part of the instructions the court did correctly define the doctrine of reasonable doubt. and the court also instructed the jury that they must consider the entire charge as a whole, but the trouble is that the court erred in its instruction upon the pivotal point in this case; and no one can tell as to whether or not the jury acted upon this erroneous instruction or upon the correct instruction given elsewhere. An erroneous instruction upon a material issue can not be cured by a correct instruction upon the same issue in another part of the charge of the court. Instructions which are contradictory and which can not be harmonized, when they relate to a material issue in a case, can not be said to be sufficient, and do not constitute harmless error. If the court does not harmonize its own instructions, how can it be expected that the jury would or could do so? Contradictory instructions which are material to the issues in the case cannot be otherwise than injurious, because they tend to confuse and mislead the jury. See *Price v. State,* 1 Okla. Cr. 359.

The other errors complained of by counsel for the defendant are not material and could not have influenced the jury adversely to the defendant.

We must presume that the jury were at least men of ordinary intelligence, and that they were capable of understanding the instructions of the court, unless such instructions were contradictory upon some material point.

For error of the court in giving instruction No. 13, this case is remanded, with directions to the trial court to set aside the verdict and grant the defendant a new trial.

DOYLE and RICHARDSON, JUDGES, concur.