## MIKE GHIONE v. STATE.

No. A-316.    Opinion Filed February 6, 1911.

(113 Pac. 222.)

**TRESPASS—Criminal Trespass—Evidence.** Where defendant went on a lot with the consent of the owner, and erected a house thereon, and lived on it for several years with the owner's consent it does not authorize a conviction, under Comp. Laws 1909, sec. 2515, for intruding or squatting on the land of another within an incorporated city or village without authority from the owner.

(Syllabus by the Court.)

*Appeal from Coal County Court; R. H. Wells, Judge.*

Mike Ghione was convicted of feloniously intruding on another's land, and he appeals.    Reversed.

*Cutler, Trice & McInnis*, for plaintiff in error.

*Chas. West*, Atty. Gen., and *Smith C. Matson*, Asst. Atty. Gen., for the State.

PER CURIAM.    Plaintiff in error, Mike Ghione, was convicted and sentenced to pay a fine of $25, in the county court. of Coal county, upon an information the charging part of which is as follows:

"That on the 30th day of July, A. D. 1908, in Coal county, state of Oklahoma, Mike Ghione and Constantino Barizone, in violation of section 2392 of Wilson's Statutes of Oklahoma, unlawfully, wilfully, and feloniously intruded upon lot 2, block 29, town of Lehigh, without license or authority of the owner of said lot."

From such judgment an appeal was taken by filing in this court on September 22, 1909, a petition in error with case-made attached.

On December 14, 1910, the Attorney General filed a confession of error, on the ground that the testimony offered failed to show the commission of an offense.    The statute on which this information is based is as follows:

Section 2515, Snyder's Comp. Laws 1909:

"Every person who intrudes or squats upon any lot or piece of land within the bounds of any incorporated city or village without license or authority from the owner thereof, or who erects or occupies thereon any hut, hovel, shanty, or other structure whatever without such license or authority; and every person who places, erects or occupies within the bounds of any street or avenue of such city or village, any hut, hovel, shanty, or other structure whatever, is guilty of a misdemeanor."

The gravamen of this offense is the intrusion upon the lot or land in any incorporated city or village without license or authority from the owner thereof.

The prosecuting witness, John Constantino, testified as follows:

"Q. Do you know these defendants, Mike Ghione and Constantino? A. Yes. Q. State whether or not you ever gave either one of them any permission to go upon that lot and put a house there. A. I gave them permission to build a house on there with the understanding not to disturb my peace, and after they disturbed my peace I gave them notice of 20 days, and told them if they did not get out in 20 days to leave the house there. Q. Which one of these men built the house? To which one did you give permission to build the house? A. Mike Ghione. Q. When was that? A. It was about 2½ years ago, or about 3. Q. At the time he built the house on your lot, it was the understanding between you and him that the house should be there and stay there as long as Mike wanted to occupy it? A. Yes."

At the close of the testimony on behalf of the prosecution, the defendants moved the court to instruct the jury to return a verdict of not guilty, which motion was overruled by the court. The motion to direct a verdict of not guilty should have been sustained. The undisputed facts are that this defendant was authorized and went upon the lot, with the knowledge, consent, and permission of the owner, to erect thereon a house to live in, and that he did erect a house thereon, and lived in it for several years with the owner's consent. There is no testimony tending to show the commission of a crime.

The judgment of the lower court is therefore reversed, and the cause remanded, with direction to dismiss the case.