JOHN A. MITCHELL v. STATE.

No. A-387.    Opinion Filed September 5, 1911.

Appeal from Canadian County Court; H. L. Fogg, Judge.

John A. Mitchell was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

Roberson & Roberson, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for defendant in error.

PER CURIAM. This is an appeal from a judgment of the county court of Canadian county pronounced on the 31st day of July, 1909, imposing a fine of one hundred dollars and costs and a jail sentence of thirty days upon the plaintiff in error for a violation of the prohibitory law. The case-made was never filed in the court below, but a transcript of the record including the instructions of the court are properly before us for review. Among other instructions complained of is the following: "You are instructed that it is a violation of the laws of the state of Oklahoma to sell any spirituous, fermented, vinous, or malt liquors, except legal sales of such liquors may be made as authorized by law by the local dispensary agents appointed by the Governor of the state. If you find from the evidence beyond a reasonable doubt that the defendant sold liquor as charged in the complaint herein, you should find the defendant guilty unless you should find by a preponderance of the evidence that the selling was not unlawful because coming within the terms of a condition, proviso, or exception in the statute, or because such selling was done under other circumstances which would relieve him of all criminal responsibility. By a preponderance of evidence is not meant the evidence of the greater number of witnesses, but by a preponderance of evidence is meant that greater and superior weight of the evidence which satisfies your mind." This instruction places the burden upon the defendant to establish his defense by a preponderance of the testimony. All that is necessary in any criminal case is that the testimony or lack of testimony as a whole raises a reasonable doubt in the mind of the jury as to the guilt of the person charged. In this case all that would have been necessary for the plaintiff in error to have done in order to have secured an acquittal would have been to offer sufficient proof upon the proposition involved in the instruction, supra, to raise such reasonable doubt. The error in this instruction is fundamental. No judgment could be upheld, based on such an explanation of the law. For the error indicated this cause is reversed and remanded with directions to the court below to grant a new trial.