### E. M. COWHERD v. STATE.

No. A-1093.   Opinion Filed February 3, 1912.

(120 Pac. 1021.)

TRIAL—Instructions—Preponderance of Evidence.   It is error for the trial court to instruct the jury that, where the state makes out a prima facie case, the defendant must prove the facts upon which he relies for an acquittal by a preponderance of the evidence.   It is only necessary for the defendant to raise a reasonable doubt of his guilt.

(Syllabus by the Court.)

*Appeal from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

E. M. Cowherd was convicted of having liquor in his possession with intent to sell, and appeals.   Reversed and remanded.

*Crump & Curd,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   Upon the trial of this cause the trial court instructed the jury as follows:

"(5)   You are instructed that the possession of intoxicating liquor, as described by the information in this case, together with proof of the payment of the special. tax required by the United States of liquor dealers, is *prima facie* evidence of the intention of defendant to unlawfully sell the same.   So if you find from the evidence beyond a reasonable doubt that the defendant on or about the date alleged in the information had in his possession any quantity of intoxicating liquor. and you further find beyond a reasonable doubt that the defendant had paid the special tax required by the United States of liquor dealers for a period of time embracing the date of the alleged offense

charged, then you will find the defendant guilty, as charged, unless the defendant proves by a preponderance of the testimony that he had no intention of selling the liquor found in his possession."

We think that it was error for the court to instruct the jury that the burden was on the defendant to prove by a preponderance of the testimony that he had no intention of selling the liquor found in his possession. The possession of intoxicating liquor and the payment of the United States tax on liquor dealers only made a *prima facie* case against him. We do not know of any law in this state which requires the defendant to prove any fact necessary to his defense by a preponderance of the testimony. Our statute makes it the duty of the jury to return a verdict of not guilty if they entertain a reasonable doubt of the defendant's guilt. To sustain the instruction given would be a judicial repeal of this statute. This we have no right or power to do.

The judgment of the lower court is therefore reversed, and the cause is remanded for a new trial.

ARMSTRONG and DOYLE, JJ., concur.