## ENOCH McGILL v. STATE.

No. A-1521.    Opinion Filed January 13, 1913.

(129 Pac. 75.)

1.  **TRIAL—Instructions—Burden of Proof.** When a trial court instructs a jury that it is necessary for them to find from the facts, beyond a reasonable doubt, that the person on trial for having the unlawful possession of intoxicating liquor with intent to sell the same had such liquor for his own use, and a conviction results, such conviction cannot be sustained on appeal.

2.  **NEW TRIAL—Grounds—Erroneous Instructions.** When, by oversight or otherwise, a trial court gives an instruction which requires the jury to find that the accused is innocent beyond a reasonable doubt, and a conviction results, he should set aside such conviction and grant a new trial according to law. There is no rule of law that requires a jury to find an accused innocent beyond a reasonable doubt, but, on the contrary, the universal rule is that his guilt must be found beyond a reasonable doubt; and an acquittal should follow, unless the facts satisfy the jury, beyond a reasonable doubt, of the guilt of the accused on trial for the offense charged.

(Syllabus by the Court.)

*Appeal from Superior Court, Logan County;*
*S. S. Lawrence, Judge.*

Enoch McGill was convicted of violating the prohibitory law, and appeals. Reversed and remanded for new trial.

*James Hepburn,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Enoch McGill, was tried and convicted at the July, 1911, term of the superior court of Logan county on a charge of having the unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at imprisonment in the county jail for a period of 30 days and a fine of $50.

The Attorney General has filed a confession of error in this case, based upon the following instruction of the court:

"It is admitted by the defendant that he had in his possession at that time one quart bottle partly filled with whisky, one pint bottle partly filled with whisky, and one pint of beer; but he claims, and testified before you, that he then and there had such liquors in his possession for his own personal use, and not for the purpose of sale. You are at liberty, and it is your duty, to determine from all the facts, circumstances, and testimony in this case whether the defendant had these liquors in his possession for his own personal use, or whether he had them there for the purpose of sale. If you believe from all the evidence, facts, and circumstances in the case, beyond a reasonable doubt, that he did have said liquors in his possession for his own use only, and not for the purpose of sale, or any part thereof, then you will find the defendant not guilty. And if, on the other hand, you believe from all the facts, circumstances, and evidence in the case, beyond a reasonable doubt, that he did have said liquors in his possession, or any part thereof for the purpose of sale, you will find the defendant guilty."

In *Mitchell v. State,* 6 Okla. Cr. 622, 117 Pac. 650, we held an instruction which placed the burden upon the accused to establish his innocence by a preponderance of the evidence was erroneous, and a conviction upon a record showing such instruction could not be sustained.

The instruction here complained of is more serious; the court having required the jury to find from the evidence, beyond a reasonable doubt, that the accused had the liquors in his possession for his own use only, and not for the purpose of sale. If such were the law, it would not be necessary for the state to make out a case. Our citizenship could be dragged into court and required to prove that they had not committed a crime.

Whereas, it is fundamental that the burden is upon the state to make out a case of guilt beyond a reasonable doubt; and such burden never shifts from the state to the accused at any stage of the trial, nor under any circumstances, to the extent of requiring an accused to prove his innocence beyond a reasonable doubt, or even by a preponderance of the evidence. All that is ever required to entitle an accused to an acquittal is that the jury, upon a consideration of the whole case, entertain a reasonable doubt as to his guilt.

A trial court should not permit a case to come to this court on appeal when, by oversight or otherwise, this character of instruction is included in the record. A conviction should be set aside and a new trial forthwith awarded by the trial court, conducted according to law.

Let the judgment be reversed and the cause remanded, with direction to grant a new trial.

FURMAN, P. J., and DOYLE, J., concur.