CHARLES HOOPER et al. v. STATE.

No. A-4123. Opinion Filed March 31, 1923.
Rehearing Denied Feb. 29, 1924.
(223 Pac. 209.)

(Syllabus.)

1. **Trial — Instructions — Sufficiency as a Whole — Consistency.** While the instructions are to be considered as a whole, nevertheless instructions upon a material issue must be reconcilable. It is proper for the trial court to supplement one instruction which does not fully state the law applicable to the issues by other instruction consistent with it, and, if the instructions fully state the law applicable to the facts and are not contradictory, one of the other, then no reversible error is occasioned, although one instruction may be of itself incomplete.

2. **Same—Self-Contradictory Instructions on Material Issue not Harmonized on Appeal.** Self-contradictory instructions on a material issue cannot be harmonized, and this court cannot determine whether the jury followed the correct instruction on the subject or was misled by the incorrect instruction.

3. **Same—Specific Instruction, Requiring Defendant to Prove Defense Beyond Reasonable Doubt, Erroneous.** A specific instruction, which requires the defendant to prove the material elements of his defense beyond a reasonable doubt, is erroneous and prejudicial, and is not cured by a general instruction that the defendant is presumed to be innocent until his guilt is established beyond a reasonable doubt.

Appeal from County Court, Cleveland County; George Allen, Judge.

Charles Hooper and another were convicted for the unlawful manufacture of intoxicating liquors, and they appeal. Reversed and remanded.

Ben F. Williams and John E. Luttrell, for plaintiffs in error.

The Attorney General, and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from a judgment of conviction, rendered in the county court of Cleveland county, wherein the plaintiffs in error were jointly informed against and tried for the unlawful manufacture of intoxicating liquors, and their punishment fixed at a fine of $100 each and confinement for a period of 60 days in the county jail each.

The Attorney General has filed a confession of error, based upon the giving of instruction No. 1, which reads as follows:

"You are instructed that it is unlawful to manufacture intoxicating liquor containing more than one-half of one per cent. of alcohol measured by volume and that the law of this state takes judicial notice of the fact that whisky contains more than one-half of one per cent. of alcohol measured by volume, and that the same is intoxicating, and before you can return a verdict of not guilty you must be convinced by the evidence beyond a reasonable doubt that the defendants did not manufacture whisky in Cleveland county on or about the 24th day of March, 1921, or within three years of the filing of the information herein. Defendants except to above instruction. George Allen, Judge."

To the giving of the foregoing instruction in the trial court, proper objection was lodged and exception taken by plaintiffs in error, and the Attorney General confesses error, on the ground that the instruction placed the burden upon these plaintiffs in error to establish beyond a reason- of said instruction was that the plaintiffs in error were not able doubt their innocence, and that the result of the giving accorded a fair and impartial trial.

It is the opinion of this court that the confession of error of the Attorney General is well founded in law. While the record before us shows that, in a separate paragraph in the charge to the jury, the trial court instructed to the effect that it was incumbent upon the state to prove the guilt of the defendants beyond a reasonable doubt, such instruction is clearly contradictory to instruction No. 1, heretofore quoted, and the two instructions cannot be reconciled.

While the instructions are to be considered as a whole, and if, when so construed, they correctly state the law the instructions are sufficient, nevertheless instructions upon material issues must be reconcilable. It is proper for the trial court to supplement one instruction which does not fully state the law applicable to the issues by another instruction consistent with it, and if the two together fully state the law applicable to the facts and are not contradictory, one of the other, then no reversible error is occasioned, although one instruction may be of itself incomplete; but self-contradictory instructions on material issues cannot be harmonized, and this court would then be unable to determine whether the jury followed the correct instruction on the subject or was misled by the incorrect instruction.

The instruction here complained of required the defendants to prove beyond a reasonable doubt that they did not manufacture the whisky as alleged in the information. The only burden resting upon the defendants, provided the state established a case against them, was to raise a reasonable doubt that they did manufacture the whisky as alleged. Instruction No. 1, therefore, is so clearly and palpably inconsistent with the instruction that the state must prove the guilt of the defendants beyond a reasonable doubt, that the two cannot be reconciled, and the instructions as a whole,

therefore, cannot be said to correctly state the law of the case. Davis v. State, 4 Okla. Cr. 508, 113 Pac. 222; Brown v. State, 14 Okla. Cr. 115, 167 Pac. 762.

For reasons stated, the confession of error of the Attorney General is concurred with, and the judgment as to each of the plaintiffs in error is reversed, and the cause remanded to the county court of Cleveland county, with instructions to grant the plaintiffs in error a new trial.