## M. A. BRENNON v. STATE.
### No. A-4447.    Opinion Filed June 25, 1924.
(226 Pac. 1062.)

(Syllabus.)

**Trial—Instruction Placing Burden on Defendant to Establish Innocence and Depriving Him of Benefits of Its Presumption, Erroneous.** In this case the court gave the following instruction: "You are further instructed that if you believe from all the facts and circumstances in this case that said defendant did not sell, aid, abet, or encourage, or was interested in the sale of said corn whisky as charged in the information filed herein, then you should say so by your verdict and find the defendant not guilty." Held error because it places the burden of proof on the defendant to establish his innocence, and deprives him of the benefit of the presumption of innocence.

Appeal from County Court, Texas County; Geo. M. Frittz, Judge.

M. A. Brennon was convicted of violating the prohibitory liquor law, and he appeals. Reversed.

W. G. Hughes, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. In the information in this case filed in the county court of Texas county March 26, 1921, M. A. Brennon, R. E. Purcell, and Elba Renfroe were charged with unlawfully selling corn whisky to certain parties whose names are unknown.

It appears that the defendants R. E. Purcell and Elba Renfroe pleaded guilty. Upon appellant's trial on the 22d

day of April, 1922, the jury returned a verdict finding him guilty and fixing his punishment at confinement in the county jail for six months and a fine of $500. He has appealed from the judgment rendered on such conviction.

Counsel for appellant contends that the court misdirected the jury to the prejudice of the substantial rights of the defendant by giving the following instruction:

"No. 7. You are further instructed that if you believe from all the facts and circumstances in this case that said defendant did not sell, aid, abet, or encourage or was interested in the sale of said corn whisky as charged in the information filed herein, then you should say so by your verdict and find the defendant not guilty. Given. Geo. M. Frittz, County Judge. Excepted to by defendant."

The Attorney General has filed a confession of error as follows:

"This instruction is not the law, and in addition thereto it is highly prejudicial to the rights of any defendant, and this court has repeatedly held that where such instructions were given the judgment of the lower court would be reversed.

"We therefore respectfully suggest that this cause be reversed and remanded."

Our Code provides that—

"A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted." Section 2692, Comp. Stats. 1921.

The instruction excepted to is subject to the exception that it requires the jury to believe from the evidence the existence of facts and circumstances which entitle defend-

ant to an acquittal. It virtually requires the jury to believe from the evidence that he is innocent before finding him not guilty.

It is fundamental that a defendant in a criminal action is presumed to be innocent until the contrary is proved, and, in case of reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted. Weber v. State, 2 Okla. Cr. 329, 101 Pac. 355; Vaughn v. State, 9 Okla. Cr. 121, 130 Pac. 1100.

We may remark that the information is duplicitous, and that upon the record the court erred in refusing to advise the jury to return a verdict of acquittal because the evidence is insufficient to connect this defendant with the commission of the offense charged.

For the reasons stated, the judgment of the lower court is reversed.

MATSON, P. J., and BESSEY, J., concur.