JOE JAY et al. v. STATE.

No. A-6396.  Opinion Filed Feb. 9, 1929.
(274 Pac. 487.)

Morris & Wilhite, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Caddo county on a charge of having the possession of whisky with intent to sell.   Defendant Joe Jay was sentenced to pay a fine of $50 and to serve 30 days in the county jail, and each of the other defendants were sentenced to pay a fine of $100 and to serve 60 days in the county jail.

The record discloses that at the time charged certain deputy sheriffs and others with a search warrant went to the residence and premises of defendants, made a search, and in a field near the barn discovered a barrel of whisky and a portion of another barrel buried in the ground near the house.   They also found a hose and a whisky pump and numerous fruit jars, in some of which there was a small quantity of whisky.   Each of the defendants took the stand and denied any knowledge or connection with the whisky found.

The first contention made is that the search warrant is invalid as having been made on an insufficient affidavit. In support of this, defendants rely mainly on Hannan v. State, 29 Okla. Cr. 203, 233 P. 249; it being argued that the affidavit states conclusions and not facts.   The Hannan Case is no longer authority on this point.   Later decisions of this court have modified the rule there announced.   Smith v. State, 30 Okla. Cr. 144, 235 P. 273; Shanafelt v. State, 38 Okla. Cr. 345, 261 P. 380.

The affidavit is poorly drawn, but, reasonably construed, it does state that intoxicating liquors are being

manufactured, stored, and kept on the lands described, the buildings, basements, cellar, appurtenances, and premises; that said premises is farming land and is used as a store, shop, and place to make whisky; that the premises are not a private residence except the dwelling houses; and that they are being used as a warehouse for concealing whisky and to dispense whisky. Also it states that affiant has seen a number of automobiles going to and coming from said dwelling and premises at all hours of the night and day, and that numbers of persons who drink whisky and are accustomed to getting drunk frequent said place, and that the general reputation of the place is that whisky can be bought there. The purport of the affidavit is that the land described is not a private residence except the buildings, and it is a place of public resort.

The search warrant directs the search of the buildings, basements, cellars, appurtenances on said premises. Defendant argues: "We contend that the officers had no authority whatever to search anywhere but in the places enumerated in the search warrant itself. Since the search warrant did not authorize the officers to search anything but the buildings, basements, cellars and appurtenances on said quarter section they had no right to search in the fields. The whisky found by reason of said search was out in the field, it was not in any of the places that the search warrant directed to be searched, it was in no sense a part of the curtilage and therefore, said evidence so obtained was illegally obtained and was not competent evidence."

It is a sufficient answer to this argument to say that, if the whisky was found in a field in no sense a part of the curtilage, no search warrant was necessary. Penney v. State, 35 Okla. Cr. 151, 249 P. 167; Merck v. State, 35 Okla. Cr. 160, 249 P. 163; Middleton v. State, 40 Okla. Cr. 197, 267 P. 682. Construing the affidavit and search warrant with this admission, the search warrant is not illegal.

Complaint is next made that the court erred in admitting evidence of the general reputation of the premises. In a prosecution for unlawful possession, where a proper predicate is laid, the general reputation of the place in which such liquor is found, as a place where intoxicating liquors are kept, is competent and admissible as proving intent. Bland v. State, 18 Okla. Cr. 514, 196 P. 732. The admissibility of such evidence is discussed in Williams v. State, 25 Okla. Cr. 284, 220 P. 667. The general rule is that, before evidence of general reputation is admissible, there must be some evidence other than general reputation that the place is in fact a public resort. It is doubtful if there is sufficient evidence in the record here to permit evidence of general reputation. The quantity found, however, raises a prima facie presumption that the possession was with the intent to violate the liquor law.

The next assignment argued is that the court's instruction No. 6 shifts the burden of proof to defendants. This instruction is: "You are further instructed, gentlemen, that if you find and believe from the evidence that the defendant, Harvey Jay, Joe Jay, Ervin Jay and Clyde Jay or either of them had possession of one barrel and four gallons of whisky and that they or either of them had the same with the unlawful intent to barter, sell, give away or otherwise furnish or to use the same in violation of law, then and in that view of the case, it would be your duty to find the defendants or either of them guilty. While on the other hand, if you find and believe from the evidence, that the one barrel and four gallons of whisky did not belong to Harvey Jay, Joe Jay, Ervin Jay or Clyde Jay or either of them, or they or either of them had no interest in said whisky, then and with that view of the case you should find the defendants not guilty."

This instruction requires the jury to find and believe from the evidence that defendant did not own and had no interest in the whisky before they should return a verdict

of not guilty. Section 2692, Comp. Stat. 1921, provides: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted."

This instruction violates the most fundamental rule that the burden is on the state and not on the defendant. It requires defendants to prove that they did not own or had no interest in the whisky alleged in the information. The only burden resting on defendants was to raise a reasonable doubt of their guilt. Weber v. State, 2 Okla. Cr. 329, 101 P. 355; Brennon v. State, 27 Okla. Cr. 286, 226 P. 1062.

By another instruction the burden is put on the state, but the court's instructions should be free from contradictions and ambiguities which might mislead the jury. A correct instruction does not cure an incorrect one upon a material point, but really presents an irreconcilable conflict. Davis v. State, 4 Okla. Cr. 508, 113 P. 221; Hooper et al. v. State, 26 Okla. Cr. 227, 223 P. 209. This instruction is upon a material issue in the case. It is contradictory of the general charge, and cannot be harmonized with it, and we cannot say that it is harmless error.

The case is reversed and remanded.

DAVENPORT and CHAPPELL, JJ., concur.