## CLARENCE LOWE v. STATE.

No. A-6507.  Opinion Filed March 30, 1929.
(275 Pac. 1066.)

F. M. Cooper, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J.  The plaintiff in error, hereinafter called defendant, was convicted in the county

court of Blaine county on a charge of pointing a pistol and was sentenced to pay a fine of $50 and to serve 90 days in the county jail.

The evidence is very sharply conflicting, but, if the case were free from error, there is sufficient to sustain the judgment. An examination of the record discloses, however, that the court in his instructions did not require that the facts be believed beyond a reasonable doubt, but, in addition, placed the burden of proof on defendant. In instruction No. 6 the court charged:

"You are further instructed that it is unlawful for any person to point a pistol or any other weapon, whether loaded or not loaded, at any person or persons either in anger or otherwise; and in case after hearing all the evidence in this case you find that Clarence Lowe did on the 4th day of September, A. D. 1926, point a pistol or other deadly weapon at the said F. A. Wheeler, it will be your duty to convict him, and you are further instructed that after hearing all the evidence in this case you believe that the defendant Clarence Lowe is innocent, it will be your duty to acquit him. * * *"

The burden to prove the guilt of an accused is always on the state, and, if the jury entertain a reasonable doubt of defendant's guilt, they should acquit. It is not required that they believe the defendant to be innocent, but merely that they have a reasonable doubt of his guilt. Section 2692, Comp. Stat. 1921; Beal v. State, 12 Okla. Cr. 157, 152 P. 808; Findley v. State, 13 Okla. Cr. 128, 162 P. 680; Stribling v. State, 18 Okla. Cr. 48, 192 P. 590; Tabor v. State, 23 Okla. Cr. 303, 214 P. 564; Hooper et al. v. State, 26 Okla. Cr. 227, 223 P. 209; Brennon v. State, 27 Okla. Cr. 286, 226 P. 1062; Jay et al. v. State, 42 Okla. Cr. 32, 274 P. 487.

The case is reversed and remanded.

DAVENPORT and CHAPPELL, JJ., concur.