## WALT THOMAS v. STATE.

No. A-6963.   Opinion Filed Jan. 4, 1930.
(283 Pac. 1037.)

N. S. Corn, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Dewey county on a charge of having possession of six cases of beer, and his punishment fixed at a fine of $150 and confinement in the county jail for 30 days.

The defendant complains that the court erred in its instructions in placing the burden of proof upon the defendant.   Instructions No. 6 and 7 read as follows:

"No. 6.   The jury are instructed that if they find and believe from the evidence in this case that the defendant did not have in his possession more than one cask of beer, or that he did not have more than one cask of malt liquor which was intoxicating, all as alleged in the information, then it will be the duty of the jury to find the defendant not guilty, and so say by your verdict."

"No. 7.   The jury are instructed that if there exists in the minds of the jury any reasonable doubt as to whether the said defendant did at the time alleged in the information, have in his possession more than one cask of beer or more than one cask of malt liquor which was intoxicating, then it will be the duty of the jury to acquit the defendant."

In the case of Price v. State, 1 Okla. Cr. 358, 98 Pac. 447, 448, this court said:

"Where there is a correct instruction upon a material question in a case, and in another portion of the instructions there is an incorrect statement of the law upon the

same question, it cannot be said that the law has been clearly and carefully given to the jury, and reversible error has been committed."

In an unbroken line of decisions since the day Judge Furman laid down the rule in Price v. State, supra, this court has uniformly held that contradictory instructions and instructions that place the burden of proof upon the defendant are erroneous, and that where such instructions are given the cause will be reversed. Davis v. State, 4 Okla. Cr. 512, 113 Pac. 221; Hooper v. State, 26 Okla. Cr. 227, 223 Pac. 209; Jay v. State, 42 Okla. Cr. 32, 274 Pac. 487.

For the reason that instruction No. 6 places the burden of proof upon the defendant, and for the further reason that instructions 6 and 7 are contradictory, the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.