## LLOYD ADAMS v. STATE.

No. A-7764.   Opinion Filed Nov. 19, 1930.
(293 Pac. 269.)

Darnell & LaRue and E. N. Sasseen, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Washita county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the court at a fine of $250 and imprisonment in the county jail for 60 days.

Defendant argues numerous errors, but to enable the court to decide this case it will only be necessary to consider the errors complained of with respect to the instructions of the court.

The defendant complains of instruction No. 7, which is an attempt to define the term "prima facie evidence."

In the case of Hargis v. State, 33 Okla. Cr. 283, 243 Pac. 986, this court said:

"The phrase 'prima facie evidence,' as used in the statute, is such evidence as in the judgment of the law is sufficient to establish the fact, if it be credited by the jury, and, unless rebutted or the contrary proved, it remains sufficient for that purpose."

In the case of Stites v. State, 44 Okla. Cr. 92, 279 Pac. 911, this court said:

"Under a provision of the act of 1913 (chapter 26), declaring that the keeping in excess of a certain amount of intoxicating liquors shall be 'prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors,' evidence of such possession is sufficient to establish the unlawful intent, unless rebutted, or the contrary proved, yet it does not make it obligatory upon the jury to convict after the presentation of such proof, but such evidence is competent and sufficient to justify a jury in finding a defendant guilty, provided it does in effect satisfy them of his guilt beyond a reasonable doubt.

It is not necessary to set out instruction No. 7, but it is sufficient to say that this instruction is not a correct statement of the law of prima facie evidence as defined by this court.

Defendant further complains that the court erred in giving instruction No. 11, which reads as follows:

"Gentlemen of the Jury, you are instructed that if the state proves beyond a reasonable doubt in your minds, that the defendant in this case, Lloyd Adams, had more than one quart of corn whisky as charged in this case, then it will be your duty to bring in a verdict of guilty unless the defendant proves to your satisfaction that he did not have it, the said corn whisky, with the intent to violate the law with the same, that is, to barter, sell, transport, give away or otherwise dispose of said whisky contrary to law."

This instruction placed the burden of proof squarely upon the defendant, and for the giving of the same this case must be reversed. Cowherd v. State, 7 Okla. Cr. 1, 120 Pac. 1021; Havill v. State, 11 Okla. Cr. 483, 148 Pac. 683; Beal v. State, 12 Okla. Cr. 157, 152 Pac. 808; Stribling v. State, 18 Okla. Cr. 48, 192 Pac. 590; Tabor v. State, 23 Okla. Cr. 303, 214 Pac. 564; Hooper v. State, 26 Okla. Cr. 227, 223 Pac. 209; Jay v. State, 42 Okla. Cr. 32, 274 Pac. 487; Lowe v. State, 42 Okla. Cr. 313, 275 Pac. 1066.

This court in numerous cases has approved all the instructions necessary to be given by a county court in the trial of a liquor case. If trial courts will give the instructions approved by this court, it will not be necessary to reverse their cases.

For the error in giving instructions Nos. 7 and 11, this cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.