## HARVE BURR v. STATE.

No. A-7675. Opinion Filed Feb. 14, 1931.
(296 Pac. 768.)

Corn & Corn, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Dewey county of the crime of selling intoxicating liquor, and his punishment fixed by the jury at a fine of $500 and imprisonment in the county jail for six months.

The evidence of the state is that the defendant sold a gallon of whisky to one Mont Corey, and on cross-examination he admitted that he had previously been convicted of setting up a still. This evidence was sufficient to justify the jury in returning a verdict of guilty and in fixing the punishment at the maximum.

The defendant contends that the court erred in giving instruction No. 5, in that such instruction placed the burden of proof upon the defendant.

His defense was that he did not sell the whisky. The court told the jury, in substance, that, if from the evidence in the case they found the defendant did not sell said liquor, or if there existed in their minds a doubt as to whether he did sell the same, it would be their duty to find the defendant not guilty.

Defendant in support of his contention cites Brennon v. State, 27 Okla. Cr. 286, 226 Pac. 1062, wherein the court told the jury that, if from the evidence the jury believed "the defendant did not sell the whisky," they should find him not guilty. To the same effect is Jay v. State, 42 Okla. Cr. 32, 274 Pac. 487; Lowe v. State, 42 Okla. Cr. 313, 275 Pac. 1066; and Thomas v. State, 45 Okla. Cr. 424, 283 Pac. 1037.

The instruction in the case at bar is different from the authorities above cited, in that it requires the jury to find the defendant not guilty if they have a reasonable doubt of his guilt. The instruction was not in proper

form. But, as given by the court, the same is not reversible error.

Defendant next complains that the court erred in allowing the county attorney to go outside of the record in his argument.

The county attorney said there was considerable trouble over the witness Corey getting drunk. Defendant's counsel objected to this as being outside of the record. The court promptly sustained the objection and admonished the jury not to consider the statement. There was evidence in the record that Corey was frequently drunk, but no evidence that he obtained his whisky from the defendant.

The guilt of the defendant being clearly established, he was not injured by the remark of the county attorney.

The evidence being sufficient to support the verdict of the jury, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.