## HOMER HINKLE v. STATE.

No. A-7736. Opinion Filed Feb. 28, 1931.
(296 Pac. 526.)

Ash, Jones & Wesner and Mathers & Mathers, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Washita county of the crime of possession of intoxicating liquor, to wit, about one gallon of wine, and his punishment fixed by the court at a fine of $250 and imprisonment in the county jail for 60 days.

Defendant complains of numerous errors, only one of which needs to be considered by this court in determining the issues raised by defendant in his petition in error, namely, that the court erred in giving instruction No. 8, which reads as follows:

"Gentlemen of the Jury, you are instructed that if the state proves that the defendant had more than one quart of wine as charged in this case beyond reasonable doubt, then you should bring in a verdict of 'guilty' unless the defendant proves to your satisfaction that he did not have it with the intent to violate the law, that is, to sell, barter, transport, give away or otherwise dispose of said wine contrary to law; that the defendant is not violating the law if he give it to his wife or minor children, that is the immediate members of his family and if you find from all the evidence, facts and circumstances in this case, that the defendant did not have the wine to violate the law with the same, then it will be your duty to bring in a verdict of 'not guilty.' "

In the case of Stites v. State, 44 Okla. Cr. 92, 279 Pac. 911, this court said:

"Under a provision of the act of 1913 [chapter 26], declaring that the keeping in excess of a certain amount of intoxicating liquors shall be 'prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors,' evidence of such possession is sufficient to establish the unlawful intent, unless rebutted, or the contrary proved, yet it does not make it obligatory upon the jury to

convict after the presentation of such proof, but such evidence is competent and sufficient to justify a jury in finding a defendant guilty, provided it does in effect satisfy them of his guilt beyond a reasonable doubt."

It is error to instruct the jury that, where the state makes out a prima facie case by introducing in evidence more than one quart of intoxicating liquor, the defendant must prove to the satisfaction of the jury that he did not have it with intent to violate the law. Cowherd v. State, 7 Okla. Cr. 1, 120 Pac. 1021; Jay v. State, 42 Okla. Cr. 32, 274 Pac. 487.

For the error in giving the instruction complained of, the cause is reversed.

DAVENPORT, P. J., and EDWARDS, J., concur.