## A. A. THOMPSON v. STATE.

No. A-8264.  Jan. 15, 1932.
Rehearing Denied May 28, 1932.
(11 Pac. [2d] 772.)

Speakman & Speakman, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Sebe Christian, Co. Atty., for the State.

EDWARD,S, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Creek county of manslaughter in the first degree, and his punishment fixed at 12 years in the state penitentiary.

The homicide occurred November 27, 1930, in a cafe in the village of Mannford.  Defendant at that time was a special deputy sheriff in his fifty-ninth year.  Charles Russell, deceased, was a young man about six feet tall and strong physically.  The circumstances of the homicide are that soon after dark defendant went into the cafe in which were some twelve or fifteen young men.  Deceased was drinking, and there is some testimony that defendant also had been drinking.  Some raillery had be-

gun between them, in which deceased was asked in a jesting manner about his having been arrested by another officer some 30 days before; this led to some words between deceased and defendant, in which defendant applied the term "sons-of-a-bitches" to the deceased and his companions. Deceased then arose and walked toward defendant and insisted on an apology. Defendant backed some three or four steps down the counter. Deceased came near, made some taunting remark, defendant drew a pistol, fired one shot into the left breast of deceased, from which death resulted almost instantly. At the time the shot was fired, deceased was standing still, unarmed, with his hands by his side. Defendant testified he drew his pistol and with it in his hand backed against a water cooler and it was accidentally discharged. He admitted on cross-examination that at the preliminary trial he testified the shot was fired to prevent defendant getting hold of him. Except for the testimony of defendant, there is no sharp conflict in the testimony. The court submitted murder, manslaughter in the first and the second degree, excusable homicide, and self-defense in 46 instructions. These instructions are much too voluminous. Counsel for defendant admit the evidence is sufficient to support the judgment. The argument is directed entirely to the contention that the instructions are erroneous.

The particular instruction complained of is No. 22, in which the court attempts to amplify the definition of manslaughter in the first degree, and to apply the law to the facts in the particular case. In No. 18, the court gave the statutory definition of manslaughter in the first degree. Section 1740, Comp. St. 1821. In No. 21, the definition is restated and the law in the abstract applied to abstract facts. With a slight modification to make this instruction concrete, No. 22 would have been entirely

unnecessary. It is but a rehashing of No. 21, and a concrete application of the law to the facts. No. 21 is:

"To constitute manslaughter in the first degree, as herein defined to you, it is essential that the homicide be committed by the accused; that the killing be unlawful, that is, that it was not justifiable or excusable under the law; if the killing be purposely done, but without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon, or while the person doing the killing was engaged in the commission of a misdemeanor, then under such circumstances the homicide would be manslaughter in the first degree."

In No. 22 the court further elaborates, and in part says:

"* * * But if from all the evidence and circumstances in the case you believe, beyond a reasonable doubt, * * * that the killing was unlawful, and purposely done, * * * by the defendant, but without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon, or while the defendant was engaged in the commission of a misdemeanor or under such circumstances as not to be excusable or justifiable homicide under the law, as herein given you, then the defendant would be guilty of manslaughter in the first degree. * * * But if you do not so find or have a reasonable doubt of the existence of any of the material elements necessary to constitute said crime of manslaughter in the first degree, you cannot convict him thereof. * * *"

Counsel argue that this creates a new and distinct ground of manslaughter in the first degree in addition to those defined by section 1740, Comp. St. 1921, and permits the jury to convict "upon any ground, just so the homicide is not justifiable or excusable." That is, if the jury believe defendant killed the deceased under such circum-

stances as not to be justifiable or excusable homicide, then he would be guilty of manslaughter in the first degree.

No. 22 is clumsily stated, and, if it were considered separate and apart from the other instructions, defendant's objection would seem to be insurmountable. It is well settled by many decisions of this court that the instructions must be considered all together. A defendant is not permitted to pick out a certain instruction and have it construed separate and apart from the others. The instructions constitute a single charge, and each is to be construed in connection with all the others. Spencer v. State, 5 Okla. Cr. 7, 113 Pac. 224; Updike v. State, 9 Okla. Cr. 124, 130 Pac. 1107; Moore v. State, 25 Okla. Cr. 118, 218 Pac. 1102. It is true, of course, that where instructions are conflicting or ambiguous, that is, where there is a correct instruction upon the law of the case and an incorrect instruction upon the same point, the correct instruction will not cure error in an incorrect instruction, as no one could tell whether the jury acted upon the erroneous instruction or upon the correct instruction. Hooper v. State, 26 Okla. Cr. 227, 223 Pac. 209. But does that situation prevail here in the charge on manslaughter in the first degree? Instructions No. 19, No. 21, and No. 22, all tell the jury the law of manslaughter in the first degree, and are, so far as the subject-matter is concerned, a single instruction. No. 18 is verbatim the language of section 1740, Comp. St. 1921. Subdivision 2 of that section defines certain killings as manslaughter in the first degree "* * * unless it is committed under such circumstances as constitute excusable or justifiable homicide. * * *" No. 21 follows the same definition, and tells the jury in substance that a killing as defined by instruction No. 18, * * * that was not justifiable or excusable under the law, * * *" is manslaughter in the first degree. No.

22 tells the jury that if they find beyond a reasonable doubt the killing in the case on trial is such a killing as defined by instructions 18 and 21, and was committed under such circumstances as not to be excusable or justifiable under the law, then defendant would be guilty of manslaughter in the first degree. Inaptly worded as the instruction is, this is the clear meaning of these three instructions, construed together.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.