WILLIAMS v. STATE.

No. A.-11765. March 25, 1953.

(255 P. 2d 532.)

A. W. Kelley, Claremore (Ralph B. Brainard, Claremore, of counsel), for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error Nathaniel Williams, defendant below, was charged by information in the district court of Rogers county, Oklahoma, with the crime of kidnapping, after three prior convictions for felony, Title 21, §§ 741, 746, O.S.A. 1941. The crime herein involved was allegedly committed in said county and state on or about the 18th day of February 1951. The defendant was tried by a jury and convicted. The jury was unable to agree on the punishment and left the same to the trial judge who fixed the penalty at 20 years in the penitentiary, entered judgment and sentence accordingly, and from which this appeal has been perfected.

One of the contentions raised by the defendant is that the evidence is insufficient to support the verdict. Briefly, the facts are as follows: About 10:30 on the night in question, while the victim, Don Parker, was returning home from church, in Chelsea, Oklahoma, the defendant inveigled him to enter his automobile under the ruse that he wanted to locate a man by the name of Smith. Parker volunteered to direct him to the place of Smith's abode. Once in the automobile the defendant took the victim beyond Smith's to the country where he parked his automobile and under threats of violence and under force and fear, induced by innuendoes and by the display of a pistol, he held the victim as his prisoner. An example of the threats was, "did you kiss your mother good night?", to which the answer was, "no", and the reply to the answer, "you should

do that, because you might never get to see her again". The display of the pistol and the foregoing and other threats and stories relating to what the defendant had done to other people on other occasions and that he didn't know what to do with Parker, the victim testified filled him with fear, so much so that he shook to such extent the defendant asked him if he was cold, to which he replied, "no, scared." The stage thus being set the defendant then unbuttoned the victim's pants and stated he wanted to play with his penis. This the Parker boy refused, testifying among other things, he said, "you can shoot me but you can't do that". The defendant held the victim against his will in spite of his attempts to get out of the automobile, from about 10:30 p.m. that night to 3:00 a.m. in the morning. These facts, of course, were sworn to by the victim, and denied by the defendant. The defendant further denied that he picked Parker up on the street in Chelsea, and he even denied that he had been in Chelsea on the night of the occasion in question, but this denial was overcome by ample proof that he was in Chelsea on the night of the day in question. This condition of the evidence presented a sharp conflict not only as to the commission of the crime itself, but as to the presence of the defendant in Chelsea on the night of the occasion in question. Such a state of the record presented a question of fact for the determination of the jury. This court has repeatedly held that the sufficiency of the evidence though conflicting is a question to be determined by the jury. Chapman v. State, 84 Okla. Cr. 41, 178 P. 2d 638; Young v. State, 84 Okla. Cr. 71, 179 P. 2d 173; and in Sadler v. State, 84 Okla. Cr. 97, 179 P. 2d 479:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, Criminal Court of Appeals will not interfere with verdict even if there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts."

We are of the opinion the evidence was sufficient to support the jury's verdict.

The next proposition urged by the defendant is that the trial court committed prejudicial and reversible error in the giving of instruction No. 5 which was erroneous and which was contradictory to, in conflict with, and repugnant to other instructions to the effect that the jury must find the defendant guilty from the evidence and that the burden was on the state to prove the guilt of the defendant beyond a reasonable doubt. The proof showed that the defendant had been convicted in three separate prior cases: of grand larceny, burglary, and larceny of domestic fowls, and that he had served 6 years in the penitentiary. On these matters instruction No. 5 reads as follows, to wit:

"No. 5. You are further instructed that the evidence of the prior convictions of the defendant are not to be considered by the jury in making a determination of the guilt or innocence of the defendant of the crime of which he stands charged, but should only be considered by the jury in the event you should find under the evidence, from the instructions and by a preponderance of the evidence that the defendant is guilty in fixing his punishment in this case."

The foregoing instruction was not only in conflict with instruction No. 2 requiring the state to prove the guilt of the defendant beyond a reasonable doubt but is also in conflict with instructions Nos. 7 and 8 to the effect that should the jury find from the evidence beyond a reasonable doubt that the defendant is guilty, then they should fix his punishment as set out in instruction No. 4, etc. In support of the contention that the foregoing instruction No. 5 is in conflict with and in contradiction of the other instructions predicating the finding of guilt upon the proposition of beyond a reasonable doubt, the defendant cites numerous cases from this court to the effect that self-contradictory instructions on material issues which are incapable of being harmonized are prejudicial and erroneous and constitute grounds for reversal of the conviction. The earliest

case upon this question is that of Price v. State, 1 Okla. Cr. 358, 98 P. 447, 448. The Price case holds:

"(c) Instructions to juries should be considered as a whole, and when so considered, and they harmonize with each other, and present the law of the case fully and fairly, they are sufficient.

"(d) Where there is a correct instruction upon a material question in a case, and in another portion of the instructions there is an incorrect statement of the law upon the same question, it cannot be said that the law has been clearly and fully given to the jury, and reversible error has been committed."

See, also, Anderson v. State, 90 Okla. Cr. 1, 209 P. 2d·721. On the question of contradictory instructions constituting reversible error, this court said in Davis v. State, 4 Okla. Cr. 508, 113 P. 220, in the body of the opinion:

"Our statute is mandatory that a defendant is entitled to an acquittal where his guilt is not proven by competent evidence beyond a reasonable doubt. It is true that in another part of the instructions the court did correctly define the doctrine of reasonable doubt; and the court also instructed the jury that they must consider the entire charge as a whole, but the trouble is that the court erred in its instruction upon the pivotal point in this case, and no one can tell as to whether or not the jury acted upon this erroneous instruction, or upon the correct instruction given elsewhere. An erroneous instruction upon a material issue cannot be cured by a correct instruction upon the same issue in another part of the charge of the court. Instructions which are contradictory and which cannot be harmonized when they relate to a material issue in a case cannot be said to be sufficient, and do not constitute harmless error. If the court does not harmonize its own instructions, how can it be expected that the jury would or could do so? Contradictory instructions which are material to the issues in the case cannot be otherwise than injurious because they tend to confuse and mislead the jury. See Price v. State, 1 Okla. Cr. 359, 98 p. 447."

Our court has condemned the use of the term "preponderance of the evidence" in criminal cases. In Mitchell v. State, 6 Okla. Cr. 622, 117 P. 650, it was held:

"All that is necessary in any criminal case is that the testimony or lack of testimony as a whole raises a reasonable doubt in the mind of the jury as to the guilt of the person charged."

In the Mitchell case this court held that an instruction on preponderance of the evidence was fundamental error. In numerous other cases this court has held that where the instructions are inconsistent and cannot be reconciled such a situation presents reversible error. Jenkins v. State, 28 Okla. Cr. 249, 230 P. 293; Thomas v. State, 45 Okla. Cr. 424, 283 P. 1037; Merriweather v. State, 53 Okla. Cr. 420, 12 P. 2d· 707. In Hooper v. State, 26 Okla. Cr. 227, 223 P. 209, this court not only announced the last quoted rule but in the body of the opinion made the following pronouncement which is applicable to the situation confronting us in the case at bar as follows:

"While the instructions are to be considered as a whole, and if, when so construed, they correctly state the law the instructions are sufficient, nevertheless instructions upon material issues must be reconcilable. It is proper for the trial court to supplement one instruction which does not fully state the law applicable to the issues by another instruction consistent with it, and if the two together fully state the law applicable to the facts and are not contradictory, one of the other, then no reversible error is occasioned, although one instruction may be of itself incomplete; but self-contradictory instructions on material issues cannot be harmonized, and this court would then be unable to determine whether the jury followed the correct instruction on the subject or was misled by the incorrect instruction."

In the case at bar we are not confronted with an attempt on the part of the trial court to supplement one instruction, but we are confronted with a hope-

less conflict in the instructions, which according to all the decisions of this court have been held to constitute reversible error. In Jay v. State, 42 Okla. Cr. 32, 274 P. 487, 488, this court after laying down the rule with reference to conflicting instructions as announced in Hooper v. State, supra, and Thomas v. State, supra, in the body of the opinion, said that "the court's instructions should be free from contradictions and ambiguities which might mislead the jury. A correct instruction does not cure an incorrect one upon a material point, but really presents an irreconcilable conflict", citing in support thereof, Davis v. State, supra, and Hooper v. State, supra. In Myers v. State, 93 Okla. Cr. 209, 226 P. 2d 451, 452, we said:

"It is generally recognized that in order to punish one for a criminal offense there should be a higher degree of negligence than is required to establish civil liability; the rule in civil liability being based upon the 'preponderance of the evidence', while in criminal cases one must be convicted 'beyond a reasonable doubt'." Chandler v. State, 70 Okla. Cr. 323, 146 P. 2d 598.

In Lovejoy v. State, 62 Ark. 478, 36 S.W. 575, 576, it was said:

" 'Preponderance' and 'reasonable doubt' are not synonymous terms."

In State v. Francis, 58 Mont. 659, 194 P. 304, it was said:

"An instruction on preponderance of evidence has no place in a criminal trial."

The contention advanced by the defendant herein to the effect that instruction No. 5 instructed the jury that they might consider the evidence of the defendant's previous convictions if they found by a "preponderance of the evidence" that the defendant was guilty is erroneous, is well taken. We are of the opinion that instruction No. 5 was in hopeless conflict with the two other instructions which the court gave on the proposition that the conviction must be predicated upon evidence establishing guilt beyond a reasonable doubt, and the same being a material right of the defendant, instruction No. 5 constitutes fundamental error, and confronts this court with no other alternative than a reversal of the conviction. This was a most contemptible crime the reversal of which is only reached by the overwhelming authority supporting it. The evidence is sufficient to sustain the verdict of the jury had the trial court not committed the fundamentally reversible error in instruction No. 5. We accordingly reverse and remand this case to the lower court for a retrial under proper instructions.

POWELL, P. J., and JONES, J., concur.